LeFebre, Plaintiff in error, v. State, Defendant in error.

*No. State 27. Argued October 30, 1968.—Decided November 26, 1968.*

(Also reported in 162 N. W. 2d 544.)

668

For the plaintiff in error there was a brief and oral argument by *William P. Skemp* of La Crosse.

For the defendant in error the cause was argued by *Sverre O. Tinglum,* assistant attorney general, with whom on the brief were *Bronson C. La Follette,* attorney general, and *William A. Platz,* assistant attorney general.

HANLEY, J. Defendant raises the following issues on this appeal:

(1) Did the trial court abuse its discretion in denying the defendant's request to withdraw his guilty plea; and

(2) Was the defendant properly advised of his constitutional rights by the trial court?

### *Withdrawal of Guilty Plea.*

The gist of defendant's complaint on this appeal is that withdrawal of the guilty plea is necessary to correct a "manifest injustice."

In *State v. Reppin* (1967), 35 Wis. 2d 377, 151 N. W. 2d 9, this court adopted the "manifest injustice" test which was outlined by the American Bar Association [1] and borrowed from the Federal Rules of Criminal Procedure. [2]

---

[1] American Bar Association Project on Minimum Standards for Criminal Justice—Pleas of Guilty (Tentative Draft, February, 1967), Part II, pp. 9, 10.

[2] Rule 32(d), Federal Rules of Criminal Procedure.

"2.1 Pleas withdrawal.
". . .
"(ii) Withdrawal is necessary to correct a manifest injustice whenever the defendant proves that:
". . .
"(3) the plea was involuntary, or was entered without knowledge of the charge or that the sentence actually imposed could be imposed; or
"(4) he did not receive the charge or sentence concessions contemplated by the plea agreement and the prosecuting attorney failed to seek or not to oppose these concessions as promised in the plea agreement."

Moreover, the court had earlier adopted the following rule in *Pulaski v. State* (1964), 23 Wis. 2d 138, 143, 126 N. W. 2d 625:

"'. . . on timely application, the court will vacate a plea of guilty shown to have been unfairly obtained or given through ignorance, fear or inadvertence . . . .'" (Quoting from *Kercheval v. United States* (1927), 274 U. S. 220, 47 Sup. Ct. 582, 71 L. Ed. 1009.)

Defendant contends that withdrawal of the guilty plea is necessary to correct a manifest injustice because the plea was obtained as a result of a plea bargain gone awry, and, further, because the plea was entered through inadvertence and ignorance.

Defendant does not, however, make the traditional "plea bargain" argument. Defendant does not contend that the district attorney made any specific agreement in exchange for the guilty plea, only that the accused concluded that such an agreement had been made, and that the accused relied on this conclusion in making his plea. The alleged ignorance and inadvertence is that such a plea agreement had not in fact been made, and the defendant did not get the sentence that he expected.

The events leading up to the plea deserve some consideration. It is undisputed that trial counsel negotiated with the district attorney relative to the sentence that might be suggested in the event of a plea of guilty. As a

result of that discussion, it was apparently decided that the district attorney would recommend a sentence of one year in the county jail under the Huber Act if there was "a relatively acceptable presentence investigation." However, all parties to this appeal concede that the presentence report was "quite an indictment of the defendant." The district attorney, therefore, made, at most, a half-hearted sentence recommendation.

It is the defendant's contention that he believed from the foregoing events that a recommended sentence of one year under the Huber Act would be made.

If this were all the record contained, there might be some merit to the contention that the defendant was misled. However, the record also contains the testimony of defendant's trial counsel who stated that defendant was told several times that he "could be sentenced to as much as ten years." Trial counsel also testified [3] that at no time did he ever report to the defendant "that there was a deal or that the charge was changed, only that the district attorney would make this recommendation to the court if the presentence so warranted it."

Defendant's own testimony indicates his frame of mind during the period following his arrest:

". . . I think I only heard what I wanted to hear, because I just got out of jail and wasn't looking forward to going back."

This situation reduces then to the following: Nobody thought that there was a plea agreement except the defendant. The credible evidence supports the conclusion that defendant knew, or should have known, what the status of the plea bargain was. It is impossible to determine whether the defendant did or did not, in fact, know that the plea bargaining had never ripened into an agreement. However, the ultimate decision in this case does not rest on that question.

---

[3] On the motion to withdraw the guilty plea.

What this case does turn on is the interpretation given to the American Bar Association standard quoted earlier:

"(4) he did not receive the charge or sentence concessions contemplated by the plea agreement and the prosecuting attorney failed to seek or not to oppose these concessions as promised in the plea agreement."

Before the defendant can prevail in his appeal, the court must hold that the defendant's conception of the plea agreement will be binding on this court. Quite obviously, this should not be the rule. Besides adopting the minimum standards of the American Bar Association in *State v. Reppin, supra,* this court reaffirmed the evidentiary standard for the withdrawal of guilty pleas.

". . . the accused seeking to withdraw his guilty pleas has the burden of showing adequate grounds for withdrawal. . . . This burden is the clear and convincing evidence test and such burden is in accord with the rule in other jurisdictions. . . ." *State v. Reppin, supra,* at pages 384 and 385.

If it is going to be permissible to withdraw a guilty plea because a plea agreement was violated, the first element which the accused should have to prove is that a plea agreement was actually made. This could not be shown in this case. Thus the defendant's contention of a "manifest injustice" fails for lack of proper proof.

The defendant also seeks to withdraw his guilty plea based on the Pulaski "ignorance, fear or inadvertence" rule. The argument here is similar to the one made previously. The accused mistakenly thought that, in exchange for his guilty plea, he was going to be sentenced to one year under the Huber Act. Since his belief was based on ignorance of the facts, he inadvertently entered the plea.

It is not necessary to go any further than the *Pulaski Case, supra,* to see that this contention must fail.

"If the defendant entered the plea of guilty with the hope and expectation or belief that either the punishment

to which he might be exposed would be mitigated and the out-of-county charges would also be consolidated so he could also plead guilty to them, those hopes, expectations, or beliefs, even though induced by his counsel or others, or as a consequence of misinterpretation of things said to him, normally would not constitute a ground for the exercise of the discretion necessary to permit the plea of guilty to be withdrawn. . . . The defendant has shown no deal was made to consolidate all charges against him in exchange for his plea of guilty and co-operation." *Pulaski v. State, supra,* at pages 147 and 148.

Without establishing that the deal was made, this defendant cannot prevail.

### *Alleged Violation of Constitutional Rights.*

". . . Although an application for leave to withdraw a plea is ordinarily addressed to the discretion of the court such withdrawal would be a matter of right if the applicant established in fact a denial of a relevant constitutional right . . . ." *Van Voorhis v. State* (1965), 26 Wis. 2d 217, 223, 131 N. W. 2d 833.

The alleged violation of defendant's constitutional rights involved a failure by the trial court to inform the accused of the seriousness of the crime with which he was charged, the maximum punishment possible, and the consequences of a plea of guilty. It is conceded that such admonitions do not appear in the record.

The spirit of art. I, sec. 7 [4] of the Wisconsin Constitution requires that the instructions mentioned above should be given to a defendant before accepting a guilty plea. *Ailport v. State* (1960), 9 Wis. 2d 409, 417, 100 N. W. 2d 812.

---

[4] "In all criminal prosecutions the accused shall enjoy the right to be heard by himself and counsel; to demand the nature and cause of the accusation against him; to meet the witnesses face to face; to have compulsory process to compel the attendance of witnesses in his behalf; and in prosecution by indictment, or information, to a speedy public trial by an impartial jury of the county or district wherein the offense shall have been committed; . . ."

However, in *State v. Strickland* (1965), 27 Wis. 2d 623, 135 N. W. 2d 295, this court declined to make the instructive questioning mandatory when the defendant was represented by counsel.

". . . Desirable as the inquiries suggested by *Strickland* may be, we are satisfied that the appointment of competent counsel prior to arraignment gives rise to a presumption that the defendant has been informed of the nature of the offense with which he is charged, the range of punishment, the possible defenses, and that he understandingly considered these factors with the help of counsel. Such a presumption can be overcome only by a clear showing to the contrary." *State v. Koerner* (1966), 32 Wis. 2d 60, 65, 145 N. W. 2d 157.

The evidence in this case amounts to much less than a clear showing to the contrary. Defendant's trial counsel testified that he fully instructed his client prior to the guilty plea. Defendant himself testified that he discussed the case with his attorney prior to pleading guilty, that he was at all times represented by an attorney, and that he was aware that the court could impose a substantially greater sentence than the one year he hoped to get.

The defendant's prior record indicated convictions in 1959 on two counts of burglary, with a sentence of three years in the Green Bay reformatory. It also included a commitment in Minnesota for grand larceny and burglary for a period exceeding five years.

In light of the above the defendant has failed to make a clear showing that his constitutional rights were violated.

*By the Court.*—Order affirmed.