STATE, Respondent, v. BIASTOCK, Appellant.

*No. State 119. Argued April 3, 1969.—Decided May 6, 1969.*
(Also reported in 167 N. W. 2d 231.)

---

[7] Sec. 209.06. *See Polar Mfg. Co. v. Integrity Mut. Ins. Co.* (1959), 7 Wis. 2d 443, 446, 96 N. W. 2d 822. *See also* 7 Couch, *Insurance* 2d, p. 23.

For the appellant there was a brief and oral argument by *Conrad J. Shearer* of Kenosha.

For the respondent the cause was argued by *Betty R. Brown,* assistant attorney general, with whom on the brief were *Robert W. Warren,* attorney general, *William A. Platz,* assistant attorney general, and *Joseph B. Molinaro,* district attorney of Kenosha county.

WILKIE, J. The sole issue presented on this appeal is whether the trial court erred in denying defendant's post-conviction motion to withdraw his plea of guilty.

In *State v. Reppin,*[1] this court adopted the "manifest injustice" test as set forth in the American Bar Association Project on Minimum Standards for Criminal Justice—Pleas of Guilty.[2]

Under those standards a defendant should be permitted to withdraw his plea of guilty if he is able to prove that his plea was made under any of the following situations:

"(1) [H]e was denied the effective assistance of counsel guaranteed to him by constitution, statute, or rule;

"(2) the plea was not entered or ratified by the defendant or a person authorized to so act in his behalf;

"(3) the plea was involuntary, or was entered without knowledge of the charge or that the sentence actually imposed could be imposed; or

"(4) he did not receive the charge or sentence concessions contemplated by the plea agreement and the prosecuting attorney failed to seek or not to oppose these concessions as promised in the plea agreement."[3]

There is no question that none of these four situations presented itself here.

However, in *Reppin* and in *Galvin v. State,*[4] this court held that the four factual situations are "illustrative of what would constitute manifest injustice"[5] and that they "are not exhaustive of situations which might constitute manifest injustice."[6]

Accordingly, defendant contends that the circumstances now before this court relating to his pleas of guilty amount to a manifest injustice in that the lineup was so prejudicial and unfair as to amount to a denial of due

---

[1] (1967), 35 Wis. 2d 377, 151 N. W. 2d 9.

[2] (Tentative Draft, February 1967, approved by ABA House of Delegates, February 1968), Part II, pp. 9, 10.

[3] *Id.* at page 10; *Reppin, supra,* footnote 1, at page 385.

[4] (1968), 40 Wis. 2d 679, 162 N. W. 2d 622.

[5] *Id.* at page 682.

[6] *Reppin, supra,* footnote 1, at page 386; *Galvin, supra,* footnote 4, at page 682.

process of law; that due to the prejudicial and unfair nature of that lineup he was identified by three witnesses; and that because he was identified by three witnesses he felt it was useless to plead not guilty and was therefor compelled to enter pleas of guilty.

Defendant does not allege in his affidavit that he is innocent of the charges to which he pleaded, but in *Reppin, supra,* this court stated that ". . . such an allegation is not a condition precedent to the granting of the motion if manifest injustice is shown." [7]

This case is controlled by *Hawkins v. State.*[8] There the defendant, charged with various crimes, was represented by counsel at the preliminary hearing and at the arraignment. Pleas of not guilty were entered on each count. Thereafter, defendant's counsel moved to suppress certain incriminating evidence which had been seized by the state. After a hearing, the circuit court denied the motion on the ground that the search and seizure had been incident to a lawful arrest. On the date set for trial, and after a jury had been impaneled, defendant's counsel moved for permission to withdraw the pleas of not guilty and to enter pleas of guilty. The motion was granted and conviction followed.

Thereafter, defendant petitioned the trial court for permission to withdraw the pleas of guilty. In an accompanying affidavit he alleged:

". . . that he believed all the evidence obtained in the search had been seized in violation of his constitutional rights; that he would not have pleaded guilty had the motion to suppress been granted; that upon denial of the motion to suppress, his counsel advised pleas of guilty in the hope that a lighter sentence would be imposed; that this was the only reason he pleaded guilty; that he never intended to waive any of his constitutional rights by pleading guilty." [9]

---

[7] *Reppin, supra,* footnote 1, at page 386.

[8] (1965), 26 Wis. 2d 443, 132 N. W. 2d 545.

[9] *Hawkins v. State, supra,* footnote 8, at page 446.

Counsel for defendant argued on appeal "that the arrest was invalid, the search unreasonable, and that his admissions were the fruit of an illegal search." [10]

However, this court concluded that the defendant, by his plea of guilty, had waived his right to litigate these questions.

". . . Upon his original pleas of not guilty, he had the right to a trial. If convicted by the use of evidence he had moved to suppress, he could have obtained a review by this court of the denial of his motion to suppress. By changing his pleas to guilty, he deliberately rejected that course. He had the advice of counsel who was aware of the problem, having represented Hawkins on the motion to suppress. Hawkins' own statements before the circuit court made it clear that the choice was deliberate and that he was aware of the full range of penalties to which he was exposed. He felt, perhaps mistakenly, that pleas of guilty would be advantageous to him by persuading the court to impose a lighter sentence than would have followed a trial. Although he has raised questions as to the validity of the search which can be said to be arguable, invalidity does not clearly appear. We find nothing in the circumstances which would entitle him, as a matter of right, to be relieved of the consequences of his choice, or which would make it an abuse of discretion not to have done so." [11]

The court further addressed itself to the question of whether a defendant was entitled to withdraw a plea of guilty if there was a causal connection between an alleged violation of the defendant's constitutional rights and the plea of guilty.

After reviewing a number of decisions [12] from other jurisdictions, the court concluded as follows:

"We are of the opinion, however, that a plea of guilty is properly deemed a waiver of the claim of unlawful search and seizure, where, as here, the pleas were volun-

[10] *Id.*

[11] *Id.* at pages 446, 447.

[12] *Id.* at pages 448, 449, see cases cited.

tarily and understandingly entered by one who had assistance of counsel. . . . Conceding that Hawkins, who had assistance of counsel, was influenced in his decision to plead guilty by his awareness of the incriminating evidence in the hands of the police and the fact that his motion to suppress had been denied, it does not seem unfair to require that if he wanted to litigate further his claim of unlawful search, he should have continued with his pleas of not guilty." [13]

Thus, in *Hawkins,* the defendant made his decision to plead with full knowledge that if he chose to do so, he could proceed to trial and if convicted appeal on the grounds of illegal search and seizure. In this situation, *Hawkins* makes it clear that by his plea of guilty, defendant waived objections to alleged violations of his constitutional rights occurring prior to his plea even though such violations were a direct cause of the entry of the guilty plea.

On the other hand, if a defendant was not fully aware of a potential challenge to possible violations of his constitutional rights and his plea of guilty was the direct result of and caused by these possible constitutional violations, *Hawkins* would permit the defendant, in this limited situation, to raise such constitutional objections in the petition for the withdrawal of the guilty plea.

However, while Biastock, in his affidavit, swore that the lineup procedures violated his right to due process of law and that such constitutional violations caused him to plead guilty, there is no allegation that at the time he pleaded guilty he was unaware of the opportunity to challenge the lineup procedures in the trial court and, if convicted, on review in this court. In the absence of such an allegation, supported by the requisite quantum of proof, this court must conclude that the defendant has failed to prove his case. Defendant was represented by counsel in the trial court. Therefore, in the absence of

[13] *Id.* at pages 449, 450.

proof to the contrary, it must be assumed that counsel advised the defendant of all possible defenses.[14]

Defendant additionally argues that the lack of counsel at the lineup violated his constitutional rights. This argument is without merit in that the United States Supreme Court in *Stovall v. Denno* [15] held that *United States v. Wade* [16] and *Gilbert v. California* [17] were to be applied only to lineups occurring after June 12, 1967. We have concurred as to lineups held in Wisconsin in *State v. Clarke* [18] and *State v. Harris.* [19]

However, in *Stovall,* the United States Supreme Court did recognize that, independent of the right to counsel, lineup procedures were subject to due process attack under the "totality of the circumstances" test.

More recently, in *Foster v. California,*[20] the United States Supreme Court, in applying the "totality of the circumstances" test, concluded that the lineup procedures therein described amounted to a denial of due process. We do not reach the merits of the unfairness claim because of defendant's guilty plea.

*By the Court.*—Order affirmed.

---

[14] *State v. Koerner* (1966), 32 Wis. 2d 60, 145 N. W. 2d 157; *State v. Strickland* (1965), 27 Wis. 2d 623, 135 N. W. 2d 295.

[15] (1967), 388 U. S. 293, 87 Sup. Ct. 1967, 18 L. Ed. 2d 1199.

[16] (1967), 388 U. S. 218, 87 Sup. Ct. 1926, 18 L. Ed 2d 1149.

[17] (1967), 388 U. S. 263, 87 Sup. Ct. 1951, 18 L. Ed. 2d 1178.

[18] (1967), 36 Wis. 2d 263, 153 N. W. 2d 61.

[19] (1968), 40 Wis. 2d 200, 161 N. W. 2d 385.

[20] (1969), 394 U. S. 440, 89 Sup. Ct. 1127, 22 L. Ed. 2d 402.