BRISK, Plaintiff in error, v. STATE, Defendant in error.

*State Nos. 30, 31. Argued October 2, 1969.—Decided November 25, 1969.*

(Also reported in 172 N. W. 2d 199.)

For the plaintiff in error there was a brief by *Roger Pinkert* and *Leasum & Pinkert,* all of Sturgeon Bay, and oral argument by *Roger Pinkert.*

For the defendant in error the cause was argued by *Donald R. Zuidmulder,* assistant attorney general, with whom on the brief were *Robert W. Warren,* attorney general, *William A. Platz,* assistant attorney general, and *James Pankratz,* district attorney of Door county.

HALLOWS, C. J.   At the preliminary hearing, Brisk took the stand to testify the confession was not voluntary.  His testimony was either not believed by the magistrate or was not deemed to constitute involuntariness.

After the judge allowed the confession in evidence, the district attorney asked Brisk whether or not he had actually committed the crime.  Brisk claimed his right under the fifth amendment not to answer on the ground he might incriminate himself.  The county court, however, instructed Brisk he was required to answer the question and in response he admitted he took the car.  On the hearing on the motion to withdraw the plea, the trial court admitted error in requiring Brisk to incriminate himself but held the error was nonprejudicial and considered the police officer's false statement to be mere puffing and the case to be ruled by *Hawkins v. State* (1965), 26 Wis. 2d 443, 132 N. W. 2d 545.

The issue on this appeal is whether the trial court abused its discretion in failing to allow Brisk under the circumstances to withdraw his plea; we think it did.  To withdraw a plea of guilty in Wisconsin, it must be shown

that a manifest injustice would exist if the plea were allowed to stand. We originally said in recognizing the procedure to withdraw a plea of guilty in *Pulaski v. State* (1964), 23 Wis. 2d 138, 126 N. W. 2d 625, that the motion was addressed to the discretion of the court in the interest of justice and the court had inherent power to hear and determine such a motion. This remedy was further developed in *State v. Reppin* (1967), 35 Wis. 2d 377, 151 N. W. 2d 9, wherein the court adopted the manifest-injustice test for allowing the withdrawal of a plea of guilty approved in the standards of the American Bar Association Project on Minimum Standards for Criminal Justice relating to Pleas of Guilty.[1]

In *Reppin,* four illustrative situations were set forth which constituted manifest injustice. Those situations were:

"'(ii) Withdrawal is necessary to correct a manifest injustice whenever the defendant proves that:
"'(1) he was denied the effective assistance of counsel guaranteed to him by constitution, statute, or rule;
"'(2) the plea was not entered or ratified by the defendant or a person authorized to so act in his behalf;
"'(3) the plea was involuntary, or was entered without knowledge of the charge or that the sentence actually imposed could be imposed; or
"'(4) he did not receive the charge or sentence concessions contemplated by the plea agreement and the prosecuting attorney failed to seek or not to oppose these concessions as promised in the plea agreement.'"

We expressly pointed out in *Reppin* that these situations were not exclusive and other facts could constitute a manifest injustice which would require the granting of the withdrawal of the plea of guilty. The burden of proving manifest injustice is on the person seeking the withdrawal of his plea. The *Reppin* doctrine has been recognized by this court since its announcement. *See*

[1] American Bar Association Project on Minimum Standards for Criminal Justice—Pleas of Guilty, Part II, pp. 9, 10.

*Galvin v. State* (1968), 40 Wis. 2d 679, 162 N. W. 2d 622; *State v. Biastock* (1969), 42 Wis. 2d 525, 167 N. W. 2d 231.

The facts before us fall outside these illustrations and it is argued this case is controlled by *Hawkins v. State, supra,* and the *Biastock Case.* In both of those cases we held that by pleading guilty the defendant waived the errors which occurred up to that time. In *Reppin,* this court reviewed *Hawkins* and pointed out the waiver doctrine did not prevent the application of *Reppin* because the withdrawal of the plea is dictated by the demands of manifest injustice. To be sure, the effects of a knowledgeable voluntary plea of guilty is a waiver of prior errors. But the question under *Reppin* is whether the plea is to be withdrawn and it cannot be argued logically the errors or grounds for relief were waived and therefore the plea cannot be withdrawn. As we said in *Reppin,* such a contention is arguing in a vicious circle. The question on a motion to withdraw a plea is not whether the accused has waived his rights but whether he should be relieved from such a waiver. It may well be a knowledgeable and voluntary plea on advice of competent counsel should be given great weight in determining whether a manifest injustice exists, but the voluntariness of the plea should not be controlling. In *Biastock,* which followed *Hawkins,* we thought no manifest injustice would result in not allowing the plea to be withdrawn. In the cases before us, in the interest of justice, we think Brisk should be relieved of his waiver because of circumstances involving his preliminary examination which led to his guilty plea.

There is confusion in the record concerning the making of the plea of guilty at the preliminary. Even the trial court bound Brisk over on the basis of the plea. A preliminary hearing is not concerned with a plea of guilty. A preliminary is not a trial or an arraignment. Counsel stated at the preliminary that at the time he took the

case he said if the confession were admitted, "We would plead guilty and throw ourselves on the mercy of the court." This statement had no place in the preliminary hearing and besides the record does not show Brisk agreed to it or approved of it or was asked by the judge whether he approved of it.

Apparently Brisk did not understand what his counsel was doing or he changed his mind after the conference because when the district attorney asked him, "Did you take a car from Felhofer's?" Brisk claimed his right under the fifth amendment. His relying on the fifth amendment is inconsistent with the statement of his counsel and indicates he did not understand what was going on. This should have alerted the magistrate to the fact Brisk did not recognize the attempted plea by his counsel as an admission of guilt. Instead of examining Brisk on his understanding of the attempted plea, the judge ordered Brisk to answer the district attorney's question and he incriminated himself by his answer.

When a circuit or county judge conducts a preliminary, he is acting in the capacity of a magistrate. He cannot accept a plea of guilty. The effect of knowingly and voluntarily making such a plea or attempting to make such a plea at a preliminary hearing by the accused amounts to a waiver of the preliminary hearing and the accused should be bound over for arraignment. *State v. Friedl* (1951), 259 Wis. 110, 47 N. W. 2d 306. This, of course, is what the magistrate did; but he did more than that and so did counsel and the district attorney. The difficulty in this case would seem to stem from the fact the county judge was acting as a magistrate and both the district attorney and the defense counsel knew he was going to be the trial judge.

Under these circumstances even though Brisk was represented by counsel at the preliminary and at the arraignment, the sequence of the events was such as to cause him to plead guilty at the arraignment.

We think Brisk should be allowed to withdraw his plea of guilty and to stand trial on a plea of not guilty. This requires reversal of the conviction and of the denial of the motion to withdraw his plea of guilty. This means that Brisk has not waived his right to contest the admission of his alleged confession at the trial. In addition, a ruling on admissibility of evidence at a preliminary hearing is not res judicata at the trial. *State ex rel. Durner v. Huegin* (1901), 110 Wis. 189, 85 N. W. 1046.

*By the Court.*—Judgment of conviction and order denying the motion to withdraw the guilty pleas are reversed, with direction to grant the motion.