MEUNIER, Plaintiff in error, v. STATE, Defendant in error.

*No. State 111.   Argued February 6, 1970.—Decided March 3, 1970.*
(Also reported in 174 N. W. 2d 277.)

For the plaintiff in error there was a brief by *Richard F. Wartman* and *Wartman & Wartman,* all of Ashland, and oral argument by *Richard F. Wartman.*

For the defendant in error the cause was argued by *Betty R. Brown,* assistant attorney general, with whom on the brief were *Robert W. Warren,* attorney general, and *Robert N. Ledin,* district attorney of Bayfield county.

BEILFUSS, J. Two issues are presented:

(1) Did the defendant timely file an adequate motion for leave to withdraw his guilty plea?

(2) Did the trial court abuse its discretion in failing to allow Meunier, under the circumstances of this case, to withdraw his plea?

In *Pulaski v. State* (1964), 23 Wis. 2d 138, 126 N. W. 2d 625, we held that it would normally be an abuse of discretion for a trial court to entertain a motion to withdraw a guilty plea made beyond one year after conviction. The court said that the motion need only be served and filed within the year; the hearing of the motion could be had later.

The *pro se* motion filed May 20, 1968, by Meunier alleged two grounds upon which he sought relief from his plea of guilty. Defendant's motion was filed nine days before the one-year period from date of conviction expired. A subsequent motion by Attorney Wartman was filed June 7, 1968. Meunier asserted that his constitutional right to be secure from unreasonable search and seizure had been violated and that his plea was not knowingly entered.

The lower court entertained the motions as timely made and held a hearing August 8, 1968, on the request. It is submitted that the hearing of the application for withdrawal of the plea was not an abuse of discretion under *Pulaski, supra*. The motion filed by the defendant was within the one-year period, and furthermore the application made by Attorney Wartman was filed within four days of his appointment by this court. The first request for appointment of counsel was received by this court April 23, 1968. Due to the inability of the first two attorneys appointed to serve, Mr. Wartman was finally appointed June 3, 1968. Mr. Meunier should not be penalized for these delays which resulted in Attorney Wartman's motion being filed nine days after the year expired. Under these circumstances we hold the motion

to withdraw the plea of guilty and for a new trial was timely made.

The standards governing the withdrawal of a plea of guilty in Wisconsin were recently summarized by this court in *Brisk v. State* (1969), 44 Wis. 2d 584, 586, 587, 172 N. W. 2d 199:

"To withdraw a plea of guilty in Wisconsin, it must be shown that a manifest injustice would exist if the plea were allowed to stand. We originally said in recognizing the procedure to withdraw a plea of guilty in *Pulaski v. State* (1964), 23 Wis. 2d 138, 126 N. W. 2d 625, that the motion was addressed to the discretion of the court in the interest of justice and the court had inherent power to hear and determine such a motion. This remedy was further developed in *State v. Reppin* (1967), 35 Wis. 2d 377, 151 N. W. 2d 9, wherein the court adopted the manifest-injustice test for allowing the withdrawal of a plea of guilty approved in the standards of the American Bar Association Project on Minimum Standards for Criminal Justice relating to Pleas of Guilty.

"In *Reppin,* four illustrative situations were set forth which constituted manifest injustice. Those situations were:

" ' " (ii) Withdrawal is necessary to correct a manifest injustice whenever the defendant proves that:

" ' " (1) he was denied the effective assistance of counsel guaranteed to him by constitution, statute, or rule;

" ' " (2) the plea was not entered or ratified by the defendant or a person authorized to so act in his behalf;

" ' " (3) the plea was involuntary, or was entered without knowledge of the charge or that the sentence actually imposed could be imposed; or

" ' " (4) he did not receive the charge or sentence concessions contemplated by the plea agreement and the prosecuting attorney failed to seek or not to oppose these concessions as promised in the plea agreement." ' We expressly pointed out in *Reppin* that these situations were not exclusive and other facts could constitute a manifest injustice which would require the granting of the withdrawal of the plea of guilty. The burden of proving manifest injustice is on the person seeking the withdrawal of his plea."

Reviewing the record of this case as to the four illustrative situations set forth in *Reppin*, only two of them were argued by Meunier or his counsel. It is intimated that he was denied the effective assistance of counsel because he was under the impression the evidence seized in an allegedly illegal manner from his car was admissible against him, thus convincing him to plead guilty. Secondly, it is charged that the threats and abuses rendered by Undersheriff Peloquin coerced the defendant into involuntarily entering his plea. It is further asserted that defendant's false impression about the admissibility of the seized evidence caused him to enter his plea misunderstandingly, thus constituting "manifest injustice."

On the issue of effectiveness of counsel, the lower court found:

"As to the effectiveness of the assistance of defendant's counsel, the court appointed attorney in this case was Mr. Walter T. Norlin who has long been one of the leading attorneys in Northern Wisconsin. He has himself been a district attorney for twenty years and since has served frequently as defense counsel. We think he is well qualified in this field. In the instant case he conferred frequently with the defendant, he appeared with him in court on at least four occasions, he conferred with the district attorney and was able to negotiate the dismissal of four other criminal charges. Bearing in mind that at the time of his sentencing, the defendant Meunier admitted the offense for which he was sentenced, we feel he was very adequately represented."

In support of the trial court's finding, the record reveals that defendant's counsel made the following stipulation at the motion hearing:

"Your Honor, to simplify this matter, in the brief memorandum which we have submitted today, we stated for the record that we felt that Mr. Norlin was both an experienced and able attorney. We don't feel there is any necessity of going into it now."

It is clear to us that the defendant was not deprived of the adequate assistance of counsel.

The testimony of Meunier at the motion hearing related several alleged incidents involving Undersheriff Peloquin while the defendant was being held for trial. It was claimed that Peloquin swore at the defendant, removed cigarettes from his reach, and twice handcuffed him to the bars. He further testified that Peloquin mentioned two or three times that he was going to involve Meunier in a murder charge relating to the use of the gun found in defendant's car. He asserts that all these factors convinced him he had no choice but to plead guilty.

In contradiction of the defendant's testimony, Peloquin denied all the allegations relating to the threats testified to by Meunier. He admitted placing handcuffs on the defendant twice to restrain him when damage to the cell was being inspected. He denied ever handcuffing the defendant to the cell bars. On cross-examination he admitted having called the defendant a "punk," but denied ever cursing him. He further denied ever advising the defendant concerning any charges pending against him or that might be brought against him.

Clearly the matter of threats by Peloquin presented a question of credibility for the lower court. If the undersheriff was believed the accusations of Meunier had no merit. Judge CATE chose to believe the testimony of the officer and not that of Meunier. It is clearly within his province as trier of the fact on this matter to so find. *Mueller v. State* (1966), 32 Wis. 2d 70, 75, 145 N. W. 2d 84. There is nothing in the record to show that such a determination constituted an abuse of discretion.

In an attempt to show manifest injustice aside from the four situations specified in *Reppin*, the defendant asserts that his plea was not "knowledgeably" made. It seems apparent that under *Reppin* and *Brisk, supra,* the defendant has the right to prove situations other than those set out as examples in the *Reppin* decision. Of course the burden of persuasion on the defendant re-

mains the same, namely, by evidence that is clear and convincing.

In this case it is urged that the admission into evidence of the bag of coins and the crowbar at the preliminary hearing convinced Meunier that these matters would also be admitted at his trial. He claims their impact would be so overwhelming he might just as well plead guilty. It is further asserted that he was never informed the evidence might not be admissible against him at the trial. These arguments are partially governed by the issue of adequacy of counsel, especially in regard to what advice was given the defendant. It is well settled in Wisconsin that a ruling on admissibility of evidence at a preliminary hearing is not res judicata at the trial. *State ex rel. Durner v. Huegin* (1901), 110 Wis. 189, 85 N. W. 1046. Therefore, Meunier was not foreclosed by the action at the preliminary hearing from reasserting his challenge to the evidence.

Since the adequacy of counsel was conceded by Meunier it would appear that he had waived any right to object to constitutional errors occurring prior to the guilty plea. *State v. Biastock* (1969), 42 Wis. 2d 525, 167 N. W. 2d 231. Yet, it was specifically noted in *Biastock,* at page 532:

". . . if a defendant was not fully aware of a potential challenge to possible violations of his constitutional rights and his plea of guilty was the direct result of and caused by these possible constitutional violations, *Hawkins* would permit the defendant, in this limited situation, to raise such constitutional objections in the petition for the withdrawal of the guilty plea."

This passage is the reference point for Meunier's claim that his plea was not "knowledgeably" made. Thus, before ruling that the defendant waived his right to object to what might have been an illegal search and seizure it is necessary to inquire whether he was aware of a potential challenge. Defendant's trial counsel testi-

fied that he did discuss with Meunier the possibility the evidence might still be excluded, but that his impression was it probably would be admitted. It is submitted that the testimony of Attorney Norlin indicates Meunier was fully aware that a further challenge to the seized evidence could be made at the trial. The trial judge so held. Any question as to the validity of Norlin's speculation that the exhibits would be ruled admissible goes only to the adequacy of counsel, a matter conceded by the defendant. Therefore, we conclude the waiver theory of *Biastock* is applicable and forecloses the defendant from claiming manifest injustice.

In addition to the testimony of defendant's trial counsel respecting his advice about the questioned evidence, cognizance must be taken of the plea bargain entered into between Meunier and the district attorney. Subsequent to the entry of a plea of guilty to an information alleging one count of burglary the district attorney moved to dismiss two other burglary charges, one count of carrying a concealed weapon, and one count of criminal damage to property resulting from the second attempted jailbreak. The very existence of this plea bargain raises an inference that the guilty plea was knowledgeably made.

Judge CATE'S appraisal of the defendant is also significant:

"The defendant in this case is a man of twenty-five years of age. While he has only an eighth grade education, this does not mean he is ignorant. He handled himself well in court, giving the appearance of being self-possessed and assured and expressed himself well on both direct and cross examination. He seems to be a person of at least average intelligence and sophistication. Judging by his record, he has had considerable courtroom experience. Placing this all together, we do not feel that his plea of guilty was the result of ignorance or lack of awareness of his circumstances. We think his plea was made knowingly, understandingly, and voluntarily."

It is clear that the policy behind the "manifest injustice" rule is a desire for fairness in criminal procedure. It is arguable that a plea bargain creates an inference which gives rise to the conclusion that the defendant fully comprehended the significance of his plea. It seems quite apparent from the record of this case that Meunier knowledgeably chose to enter a plea of guilty to one count of burglary in consideration for dismissal of the other charges.

We are convinced that there has been no showing of manifest injustice and that the trial court did not abuse its discretion in refusing to order the withdrawal of the plea of guilty.

*By the Court.*—Order affirmed.