HANES, Plaintiff in error, v. STATE, Defendant in error.

*No. State 59. Argued May 2, 1972.—Decided June 6, 1972.*
(Also reported in 197 N. W. 2d 802.)

For the plaintiff in error there was a brief by *Peregrine, Marcuvitz, Cameron, Braun & Peltin, S. C.,* and *Alan Marcuvitz,* all of Milwaukee, and oral argument by *Alan Marcuvitz.*

For the defendant in error the cause was argued by *Donald W. Smith,* assistant attorney general, with whom on the brief was *Robert W. Warren,* attorney general.

CONNOR T. HANSEN, J. The defendant's postconviction motions were denied after a hearing, at which he was represented by counsel. A writ of error was issued by this court to review the trial court's denial of those motions.

On appeal, defendant contends (1) that the trial court did not comply with the requirements for accepting a plea of guilty, and (2) that the plea was not voluntary but was induced by a false promise.

*Trial court's acceptance of guilty plea.*

Defendant was originally charged with first-degree murder. At the time of arraignment on April 30, 1963, the defendant entered a plea of not guilty and requested a jury trial. Trial was set for June 3, 1963.

At the commencement of the trial, the district attorney informed the court that in preparing for trial he had come to the conclusion that the proper charge was second-degree murder. An amended information was filed to which the defendant, through his counsel, entered a plea of guilty. In response to inquiries by the court, defendant stated he understood the charge and wished to plead guilty. He was at all times represented by counsel.

The trial court then proceeded to take extensive testimony relative to the circumstances surrounding the offense. The incident occurred in a residence in the city of Milwaukee. Testimony was taken from a police officer, a deputy county medical examiner, a person present in the residence at the time of the offense, and the defendant. The essence of the testimony is that the defendant and one Isaiah Lockhart became involved in an argument and that the defendant pulled out a knife and stabbed Lockhart twice in the left thigh. The knife was recovered from the front lawn of the defendant's home at the time of his arrest.

The deputy county medical officer testified the cause of death was loss of blood following a transection of the femoral artery and partial transection of the femoral vein caused by either of the two wounds which could have been inflicted by the knife found at defendant's residence.

The defendant's testimony was conflicting in several respects. On one occasion he denied going after Lockhart with a knife. He also testified he must have stabbed Lockhart during an altercation in which a third person was also involved; that the only time he pointed a knife at Lockhart was after he had been hit; that he did not

know how many times he had stabbed Lockhart; and, that he went after Lockhart after Lockhart had hit him.

At the conclusion of the testimony, the court found the defendant guilty upon his plea and pronounced sentence.

It is argued that defendant's plea of guilty was not knowingly or intelligently made because nothing appears of record to evidence that defendant was informed of the consequences and effect of such a plea. An identical argument was rejected by this court in *State v. Strickland* (1965), 27 Wis. 2d 623, 631, 135 N. W. 2d 295:

"Defendant contends his plea of guilty entered through counsel to the charges of armed robbery and theft were not intelligently and understandingly made. This is largely predicated upon the fact that the trial court addressed no inquiries to defendant to ascertain whether he had intelligently and understandingly entered these pleas. This court has not held that such inquiries are necessary where defendant is represented by counsel at time of arraignment. Courts have the right to assume in such a situation that counsel has fulfilled his duty of proper representation by fully explaining to the accused the nature of the offense charged, the range of penalties, and possible defenses thereto, and satisfying himself that the accused understands such explanations, before permitting the accused to authorize the entry of a plea of guilty. There is no allegation in defendant's motion that this was not done."

In *Ernst v. State* (1969), 43 Wis. 2d 661, 170 N. W. 2d 713, this court implemented the requirements set forth in *McCarthy v. United States* (1969), 394 U. S. 459, 89 Sup. Ct. 1166, 22 L. Ed. 2d 418, and made applicable to the states in *Boykin v. Alabama* (1969), 395 U. S. 238, 89 Sup. Ct. 1709, 23 L. Ed. 2d 274. These requirements, however, were expressly held to be prospective only. In the instant case, the plea was accepted prior to the effective date of *Ernst* and thus the trial court could rely on the assumption that counsel had properly advised the defendant as to the effect and consequences of entering

a plea of guilty. *See Nelson v. State* (1972), 54 Wis. 2d 489, 195 N. W. 2d 629. Defendant has presented no evidence to rebut this presumption. *State v. Froelich* (1971), 49 Wis. 2d 551, 182 N. W. 2d 267. While defendant argues that the record does not show he was advised of his constitutional rights prior to entering his plea, no claim is made that he was not, in fact, so advised by his attorney.

### *Voluntariness of plea.*

At the hearing held February 19, 1971, on defendant's postconviction motions, defendant testified that his trial attorney talked to him a day or so prior to trial and told him that if he pled guilty to second-degree murder he would probably get it reduced to manslaughter and that he would probably get a year in Green Bay. At the time of trial, defendant also testified that when he pled guilty, he was under the impression that he would get manslaughter and be sentenced to the reformatory. He repeated that his attorney told him he would get him manslaughter, that he would be sentenced to Green Bay, and that he would probably do a year and then be out.

Defendant's trial attorney testified he had no independent recollection of representing the defendant. After a recess was taken during which time he reviewed the entire transcript, he stated that he recalled the case because of the unusual way the victim had died. He testified that if the state would have pursued the charge of first-degree murder he would have defended the case with a jury trial; however, the state had offered a reduction in the charge to second-degree murder and he had discussed the matter with the defendant. He testified he was sure defendant voluntarily accepted the offer. He further testified that there was never any discussion about manslaughter or that the defendant would receive a sentence of one year.

The trial court found that defendant's attorney did not tell the defendant of the possibility that the charge would be reduced to manslaughter, or that the sentence would be one year.

Defendant's contention that he was induced to plead guilty on the promise of his attorney that he would be sentenced to Green Bay for a term of one year, if proved, would constitute a situation of manifest injustice necessitating a withdrawal of the plea. *State v. Reppin* (1967), 35 Wis. 2d 377, 151 N. W. 2d 9. However, the defendant must sustain the burden of proving such a contention. *Martinkoski v. State* (1971), 51 Wis. 2d 237, 186 N. W. 2d 302; *State v. Froelich, supra; State v. Carlson* (1970), 48 Wis. 2d 222, 179 N. W. 2d 851; *State v. Reppin, supra,* page 385; sec. 974.06 (6), Stats. The findings of the trial court in the instant case are not against the great weight and clear preponderance of the evidence. Defendant has thus failed to meet his burden of proof. *LeFebre v. State* (1968), 40 Wis. 2d 666, 672, 162 N. W. 2d 544.

Upon an examination of the record, we conclude that it is not probable that justice has miscarried and, therefore, no basis exists for the granting of a new trial pursuant to sec. 251.09, Stats. *Bullock v. State* (1972), 53 Wis. 2d 809, 193 N. W. 2d 889.

*By the Court.*—Order affirmed.