DAVID T. PROSSER, J.
¶ 58. The defendant entered a plea of no contest to a charge of uttering a forgery. After he was sentenced, he moved to withdraw his plea on grounds that the plea was not knowing, intelligent, and voluntary. His motion relied upon Bangert principles, alleging, first, that his plea colloquy was deficient because the court did not inform him of the correct maximum penalty for a conviction under Wis. Stat. § 939.50(3)(h), with a repeater enhancement under Wis. Stat. § 939.62(1) (b) and (2); and, second, that he did not know or understand the correct maximum penalty when he entered his plea.
¶ 59. The circuit court denied the defendant's postconviction motion without conducting an eviden *67 tiary hearing. Had such an evidentiary hearing been held, the State would have been required to prove that the defendant's plea was knowing, intelligent, and voluntary, notwithstanding a deficiency in the plea colloquy.
¶ 60. Most members of the court are satisfied that the defendant is not entitled to withdraw his plea because his plea was knowing, intelligent, and voluntary. Most members of the court are willing to reach this conclusion without affording the defendant a Bangert hearing.
¶ 61. The real issue in this case is why the defendant does not get a Bangert hearing. My principal purpose in writing separately is to address this issue.
I
¶ 62. This court has set standards that a defendant must meet if he seeks to withdraw his plea. See State v. Cain, 2012 WI 68, ¶ 24, 342 Wis. 2d 1, 816 N.W.2d 177. When a defendant moves to withdraw his plea before sentencing, the circuit court should freely allow the withdrawal if the defendant supplies any "fair and just reason" unless withdrawal would substantially prejudice the prosecution. Id. (quoting State v. Jenkins, 2007 WI 96, ¶ 2, 303 Wis. 2d 157, 736 N.W.2d 240). After sentencing, however, the defendant must show that withdrawal is necessary to correct a "manifest injustice." Id. (quoting Jenkins, 303 Wis. 2d 157, ¶ 2 n.2).
¶ 63. This court adopted "the manifest injustice test" in State v. Reppin, 35 Wis. 2d 377, 386, 151 N.W.2d 9 (1967). The test was based on the tentative draft on Standards Relating to Pleas of Guilty issued by the *68 American Bar Association Project on Minimum Standards for Criminal Justice in February 1967. Id. at 385.[1] The Reppin court said:
These standards adopt the "manifest injustice" test of Rule 32(d) of the Federal Rules of Criminal Procedure and implement ] it with four factual situations which the advisory committee believes independently establish manifest injustice when proved by the defendant.
We agree and adopt this standard. We think too the four fact situations are not exhaustive of situations which might constitute manifest injustice. And, a court would abuse its discretion if it denied a request to withdraw a plea of guilty when any one of these four grounds was proved.
Id. at 386 (emphasis added) (footnote omitted).
¶ 64. The four fact situations identified by the advisory committee were as follows:
2.1 Plea[] withdrawal.
(a)----
(ii) Withdrawal is necessary to correct a manifest injustice whenever the defendant proves that:
(1) he was denied the effective assistance of counsel guaranteed to him by constitution, statute, or rule;
(2) the plea was not entered or ratified by the defendant or a person authorized to so act in his behalf;
(3) the plea was involuntary, or was entered without knowledge of the charge *69 or that the sentence actually imposed could be imposed; or
(4) he did not receive the charge or sentence concessions contemplated by the plea agreement and the prosecuting attorney failed to seek or not to oppose these concessions as promised in the plea agreement.
Id. at 385 n.2.
¶ 65. In the years following the Reppin decision, the court repeatedly quoted (in whole or in part), or alluded to, the four fact situations adopted in Reppin.[2]
¶ 66. Over time, however, the court began to shift its focus from the "manifest injustice" test to the development of rules for particular fact situations. For instance, our rules for plea withdrawal because of a defective plea colloquy were established in Bangert and *70 restated in Brown. Our rules for plea withdrawal on account of ineffective assistance of counsel are found in State v. Bentley, 201 Wis. 2d 303, 548 N.W.2d 50 (1996), and State v. Allen, 2004 WI 106, 274 Wis. 2d 568, 682 N.W.2d 433. In recent years, our attention has often been directed more toward the application of these rules than to the broader mantra of "manifest injustice."
¶ 67. In 1991 the court of appeals rewrote the four fact situations adopted in Reppin and added two more, without much notice or explanation of what it was doing. See State v. Krieger, 163 Wis. 2d 241, 251 n.6, 471 N.W.2d 599 (Ct. App. 1991). The Krieger court's new formulation has been followed uncritically[3] even though the two additional "factual situations," id. at 251 n.6, relate to judicial participation in plea bargaining, which is not approved under Wisconsin law. See State v. Hampton, 2004 WI 107, ¶ 27, 274 Wis. 2d 379, 683 N.W.2d 14.
¶ 68. The majority opinion states that "Taylor's request for plea withdrawal is properly analyzed under the manifest injustice framework. Taylor has not proven that withdrawal is necessary to correct a manifest injustice." Majority op., ¶ 43. These statements follow an extensive discussion of Taylor's claim of a Bangert violation (because the circuit court did not correctly state the maximum penalty during the plea colloquy) and this court's conclusion that Taylor's plea was knowing, intelligent, and voluntary nonetheless.
¶ 69. "When a defendant seeks to withdraw a guilty plea after sentencing, he must prove, by clear and convincing evidence, that a refusal to allow withdrawal *71 of the plea would result in 'manifest injustice.'" Brown, 293 Wis. 2d 594, ¶ 18 (citing State v. Thomas, 2000 WI 13, ¶ 16, 232 Wis. 2d 714, 605 N.W.2d 836). "One way for a defendant to meet this burden is to show that he did not knowingly, intelligently, and voluntarily enter" his plea. Brown, 293 Wis. 2d 594, ¶ 18 (citing State v. Trochinski, 2002 WI 56, ¶ 15, 253 Wis. 2d 38, 644 N.W.2d 891). Here, the court has determined that Taylor knowingly, intelligently, and voluntarily entered his plea. Majority op., ¶ 8. In making this determination, the court has rejected the defendant's specific complaint about the plea colloquy. Thus, I do not understand the need for a separate section on manifest injustice.
¶ 70. A defendant could expound multiple theories for plea withdrawal and if he did, the court would have to address each of the theories. Here, however, Taylor has advanced only one theory — a Bangert violation leading to a plea that was not knowing, intelligent, and voluntary. Once that single claim has been rejected, the case is over.
¶ 71. The manifest injustice test was adopted more than 40 years ago. Reppin, 35 Wis. 2d at 386. The court should find a way to carefully update the "manifest injustice" test, with a comprehensive catalog of fact situations requiring withdrawal, when a defendant satisfies his burden of proof, along with citations supporting these situations.
II
¶ 72. Once again, the real question in this case is why Taylor did not get a Bangert hearing.
¶ 73. Taylor filed a postconviction motion stating that he was "misinformed by the court of the maximum penalty that he faced upon conviction, and [he] did not *72 understand the true maximum." Taylor affirmatively alleged that he did not know the correct maximum penalty that he faced at the time he entered his no contest plea and moved the court to withdraw his plea "on the ground that his plea was not knowingly, voluntarily and intelligently entered."
¶ 74. In Brown, the court said:
A circuit court's failure to fulfill a duty at the plea hearing will necessitate an evidentiary hearing if a defendant's postconviction motion alleges he did not understand an aspect of the plea because of the omission [or misstatement].
After sentencing, in cases that involve an alleged deficiency in the plea colloquy, an attempt to withdraw a guilty plea proceeds as follows. The defendant must file a postconviction motion under Wis. Stat. § 809.30 or other appropriate statute. The motion must (1) make a prima facie showing of a violation of Wis. Stat. § 971.08(1) or other court-mandated duties by pointing to passages or gaps in the plea hearing transcript; and (2) allege that the defendant did not know or understand the information that should have been provided at the plea hearing.
When a Bangert motion is filed, it is reviewed by the court. If the motion establishes a prima facie violation of Wis. Stat. § 971.08 or other court-mandated duties and makes the requisite allegations, the court must hold a postconviction evidentiary hearing at which the state is given an opportunity to show by clear and convincing evidence that the defendant's plea was knowing, intelligent, and voluntary despite the identified inadequacy of the plea colloquy. When the defendant has met his two burdens, the burden of producing persuasive evidence at the evidentiary hearing shifts to the state.
*73 Brown, 293 Wis. 2d 594, ¶¶ 36, 39-40 (citations and footnotes omitted).
¶ 75. Against this background, I find it difficult to contend that Taylor's motion does not satisfy the requisite criteria for a Bangert hearing. Why, then, did he not get an evidentiary hearing?
¶ 76. Taylor did get a postconviction hearing. He was brought to Outagamie County from the Racine Correctional Institution and appeared in court on April 21, 2011.
¶ 77. In my view, Taylor did not receive an evidentiary hearing because there would have been no point in taking testimonial evidence.
¶ 78. The court already understood that Taylor had come to court on August 23, 2010, for the purpose of entering a plea. There was evidence in the record that the defendant had read the complaint, which correctly stated the maximum sentence, and had met with his attorney to discuss a negotiated plea agreement and go over the plea questionnaire. The plea questionnaire included information about the maximum penalty. Defense counsel made a notation: "8 yrs prison/$10,000 fine or both." "Yrs" is shorthand for "years." "8 yrs prison" is likely shorthand for "8 years of imprisonment."
¶ 79. The record also showed that the court had made a conscientious effort to discharge its duties under Wis. Stat. § 971.08, Bangert, and Brown, and had succeeded except for an inadvertent misstatement of the maximum penalty. The court knew, in considering the postconviction motion, that it had informed Taylor of more than the penalty he actually received, so that the court's misstatement had no adverse impact on Taylor under the circumstances.
*74 ¶ 80. Taylor's claim that he lacked understanding of the maximum sentence was objectively incredible given the ample evidence in the record of the correct information he had received. The record also revealed that Taylor had a lengthy criminal history so that he had familiarity with the courts. Multiple charges of uttering a forgery were pending in Brown County on the date of the plea.
¶ 81. If we look back to the foundational case of Reppin, we are reminded that the defendant had the burden of proof in all four fact situations. Reppin, 35 Wis. 2d at 386. This burden of proof has been relaxed in defective plea colloquy situations because evidence of a deficient plea colloquy should be obvious in the plea hearing record, and a defendant's allegation that he did not understand something because of the deficiency, while "admittedly, conclusory," would be "difficult to expand on," except through sworn testimony. Hampton, 274 Wis. 2d 379, ¶¶ 57-59.
¶ 82. This court is firmly committed to the principle that when a defendant files a motion showing a prima facie Bangert violation and the requisite claim that he lacked understanding because of a deficiency in the plea colloquy, he is entitled to a burden-shifting Bangert hearing. Adherence to this principle tends to encourage careful, conscientious plea colloquies. Nonetheless, there are often limits to even the most salutary principle. Courts must not be rendered powerless to reject a conclusory allegation — "I didn't know" — that is disproven by the existing record.[4]
*75 ¶ 83. In Birts v. State, the court said: "We have held that in determining whether to grant a motion to withdraw a guilty plea, 'the trial court is not obligated to accept the defendant's statements as verities.'" Birts, 68 Wis. 2d 389, 394, 228 N.W.2d 351 (1975) (quoting Ernst v. State, 43 Wis. 2d 661, 668, 170 N.W.2d 713 (1969)). A court is not obligated to accept a defendant's statement if the record demonstrates that the statement is not credible.[5]
*76 ¶ 84. In this case, requiring the State to establish through testimonial evidence the notice about the sentence that the defendant could receive — in light of the lesser sentence the defendant actually did receive, and in light of the information in the record — was simply unnecessary.
¶ 85. Having read this court's decision in Brown, the circuit court understood that there are times when a defendant "should not be permitted to game the system by taking advantage of judicial mistakes." Brown, 293 Wis. 2d 594, ¶ 37. This was one of those times.
¶ 86. Requiring the court to conduct an evidentiary hearing to receive what was already evident throughout the record would have served no legitimate purpose in this case.
¶ 87. For the foregoing reasons, I respectfully concur.

 The ABA House of Delegates subsequently approved the tentative draft, as amended, in March 1968. Am. Bar Ass'n Project on Minimum Standards for Criminal Justice, Standards Relating to Pleas of Guilty (Approved Draft, 1968).

 See, e.g., State v. Rock, 92 Wis. 2d 554, 558-59, 285 N.W.2d 739 (1979); State v. Lee, 88 Wis. 2d 239, 248-49, 276 N.W.2d 268 (1979); Spinella v. State, 85 Wis. 2d 494, 498, 271 N.W.2d 91 (1978); Hatcher v. State, 83 Wis. 2d 559, 564, 266 N.W.2d 320 (1978); State v. Jackson, 69 Wis. 2d 266, 270-72, 230 N.W.2d 832 (1975); Libke v. State, 60 Wis. 2d 121, 124-25, 208 N.W.2d 331 (1973); Young v. State, 49 Wis. 2d 361, 366, 182 N.W.2d 262 (1971); Kruse v. State, 47 Wis. 2d 460, 464-65, 177 N.W.2d 322 (1970); State v. Weidner, 47 Wis. 2d 321, 328-29, 177 N.W.2d 69 (1970); State v. Wolfe, 46 Wis. 2d 478, 484, 175 N.W.2d 216 (1970); Meunier v. State, 46 Wis. 2d 271, 277, 174 N.W.2d 277 (1970); Brisk v. State, 44 Wis. 2d 584, 587, 172 N.W.2d 199 (1969); Ernst v. State, 43 Wis. 2d 661, 666, 170 N.W.2d 713 (1969); State v. Biastock, 42 Wis. 2d 525, 529, 167 N.W.2d 231 (1969); Reiff v. State, 41 Wis. 2d 369, 372, 164 N.W.2d 249 (1969); Galvin v. State, 40 Wis. 2d 679, 682 n.l, 162 N.W.2d 622 (1968); LeFebre v. State, 40 Wis. 2d 666, 669-70, 162 N.W.2d 544 (1968); State v. Harrell, 40 Wis. 2d 187, 192-93, 161 N.W.2d 223 (1968); Cresci v. State, 36 Wis. 2d 287, 293, 152 N.W.2d 893 (1967). See also Wiseman & Tobin, 9 Wis. Practice: Criminal Practice and Procedure § 23:32 (2d ed. Supp. 2012).

 State v. Cain, 2012 WI 68, ¶ 26, 342 Wis. 2d 1, 816 N.W.2d 177; State v. Daley, 2006 WI App 81, ¶ 20 n.3, 292 Wis. 2d 517, 716 N.W.2d 146; State v. Washington, 176 Wis. 2d 205, 213-14 n.2, 500 N.W.2d 331 (Ct. App. 1993).

 State v. Burns, 226 Wis. 2d 762, 594 N.W.2d 799 (1999), is a classic example of an appellate court's common sense review of the record:
We affirm the judgment of conviction ... even though the defendant did not expressly and personally articulate a plea of no *75 contest on the record in open court, because the only inference possible from the totality of the facts and circumstances in the record is that the defendant intended to plead no contest.
Burns, 226 Wis. 2d at 764 (emphasis added).

 In his postconviction motion, the defendant asserted that "[d]uring the plea colloquy, the court erroneously informed Mr. Taylor that the maximum penalty he faced was six years of imprisonment — that is, the penalty without the enhancer. (Plea hearing transcript at 7)." At the hearing on the motion, the defendant's postconviction counsel discussed State v. Cross, 2010 WI 70, 326 Wis. 2d 492, 786 N.W.2d 64, and asserted that "the court... did go on to say that in a case where the defendant was informed that a penalty was lower than it is[,] that remains a potential Bangert violation."
The dissent has reformulated the defendant's argument. Instead of arguing that the circuit court understated the maximum penalty at the plea hearing, the dissent asserts that the defendant "was not told in straight, simple English that the punishment for the crime was eight years' imprisonment." Dissent, ¶ 91. "The circuit court. .. advised the defendant (incorrectly) of the term of confinement without advising him correctly of the term of imprisonment." Id., ¶ 102 n.19.
The dissent acknowledges that the circuit court will satisfy Bangert, Brown, and Wis. Stat. § 971.08(l)(a) by stating the maximum term of imprisonment, "without explicitly stating the component parts of the bifurcated sentence," i.e., confinement and supervision. Id., ¶ 101. Yet this concession undermines Taylor's position because the complaint and information both *76 correctly stated the maximum term of imprisonment and Taylor admitted that he had read and understood the complaint. In fact, the complaint states that Taylor supplied the information on his prior convictions to Sergeant Michael Daul of the Appleton Police Department.
There is a very high likelihood that Taylor's attorney, Michael Dally, explained the meaning of eight years of imprisonment to Taylor. But if Dally actually spoke of eight years "in prison," instead of "imprisonment," just as the circuit court spoke of six years "in prison," then the case is covered by this court's decision in Cross.