STATE, Respondent, v. REPPIN, Appellant. [Two cases.]

*May 10—June 6, 1967.*

378

380

For the appellant there was a brief and oral argument by *Bernard Goldstein* of Milwaukee.

For the respondent the cause was argued by *Robert E. Sutton,* assistant district attorney of Milwaukee county, with whom on the brief were *Bronson C. La Follette,* attorney general, and *Hugh R. O'Connell,* district attorney.

HALLOWS, J.   Reppin argues: (1) That his appointed trial counsel was so ineffective as not to amount to assistance of counsel as guaranteed by the constitution and consequently he may withdraw his plea of guilty as a matter of right, and (2) his guilty plea was not intelligently made and therefore he should be permitted to withdraw it.

On the evening of September 22, 1965, Reppin with one Richard Allen Jenson stole a Chevrolet automobile in the city of Milwaukee, drove it to a filling station in West Allis and had the tank filled with gas. Not having any money Reppin told the attendant he had left his wallet at work and offered to leave the spare tire as security. The offer was declined but Donald Bittner, an off-duty station attendant, offered to go with Reppin and Jenson to get the money and got into the back seat of the car for that purpose. After some driving Reppin stopped the car to attempt to get rid of Bittner but before ordering him out, Jenson, who was sitting on the passenger side of the front seat, turned around, grabbed Bittner by his shirt, put a knife to his throat and directed him to empty his pockets. Reppin watched the proceedings and told Jenson to let Bittner keep his class ring and some keys.

After the robbery Jenson and Reppin abandoned the Chevrolet and stole an Oldsmobile and headed north toward Michigan. On the way they stopped and spent some of the money taken from Bittner on beer. The next day they were arrested in Peshtigo and returned to Milwaukee.

After a waiver of their preliminary hearings, Reppin and Jenson appeared before the circuit court on October 13, 1965. Neither had an attorney at that time although the waiver of the preliminary hearing was apparently on the advice of counsel. Reppin and Jenson being indigent, the trial judge appointed an attorney to represent them, indicating that in the event there should be a conflict of interest he would appoint a separate attorney for Reppin. During an adjournment, the attorney interviewed both defendants and later indicated to the court no conflict of interest existed. Both defendants pleaded not guilty and waived a jury trial and the trial was set for October 21st.

On that day Reppin and Jenson appeared with their court-appointed counsel, who indicated initially that both Reppin and Jenson had decided to change their pleas and plead guilty to both the motor vehicle and the robbery charges. After an examination of Jenson as to the voluntariness of his pleas the trial judge accepted Jenson's plea of guilty on both charges. The trial judge then examined Reppin who indicated he wished to plead guilty to both charges, but after questioning by the court regarding the consequences of the pleas, counsel for Reppin indicated he wished to change his plea to the robbery charge back to not guilty. At this point an adjournment was had, after which counsel again stated to the court there was no conflict of interest in his representing both defendants and Reppin wished to enter a plea of guilty to the robbery charge. Thereupon, counsel, the district attorney and the court all examined Reppin regarding the voluntariness of his guilty plea.

Upon questioning by the court Reppin disclosed he pleaded guilty because it was explained to him that he

was just as guilty as Jenson because he did not try to stop Jenson from robbing Bittner and spent some of the stolen money. The court then interrogated Reppin on whether he was driving the car at the time of the offense, whether the offense happened in the car, whether Reppin knew what was going on, and whether he did anything to aid Bittner during the robbery. After this questioning, the trial court accepted Reppin's pleas. Post-plea testimony was then taken and the trial judge found the defendants guilty on their pleas of guilty.[1] Upon denial of Reppin's motion to set aside the conviction and permit the withdrawal of his guilty pleas, the present counsel on appeal was appointed.

The principles applicable to the problems involved in the withdrawal of a plea of guilty have not been adequately articulated either in this jurisdiction or in other jurisdictions. In *Pulaski v. State* (1964), 23 Wis. (2d)

---

[1] In Milwaukee it is customary before convicting on a guilty plea to conduct a post-plea hearing. The recent report of the American Bar Foundation's survey of the administration of criminal justice in the United States discusses the situation involved in this case, and points out in Wisconsin a post-plea hearing is sometimes conducted for added assurance that the defendant is in fact guilty. Newman, Conviction—The Determination of Guilt or Innocence Without Trial, (Little-Brown, 1966), ch. 15, p. 200. At page 201 the report states: ". . . With or without the post-plea hearing, however, the trial judge generally rests easier in accepting a guilty plea if he knows that the defendant has a lawyer. This reliance on counsel as a check on the accuracy of the plea is based on an assumption that the lawyer thoroughly researches the case and brings his professional competence to bear on the appropriateness of the plea decision. Implicit in this is a certain image of the lawyer-client relationship in which the defendant and his counsel, together and sharing common objectives, weigh the evidence in the case and, perhaps reluctantly, come to the conclusion that a plea of guilty is a proper decision. While there is no doubt that some guilty pleas do result from such a detailed, shared analysis of the case, the quality of representation in routine guilty plea cases and the conditions under which representation occurs raise some questions about whether this image is generally true."

138, 142, 143, 126 N. W. (2d) 625, we stated that a motion to withdraw a plea of guilty and for a new trial is not governed by sec. 958.06, Stats., but stands on other grounds and is a motion ". . . directed to the discretion of the court in the interest of justice which the court has the inherent power to hear." See also *State v. Payne* (1964), 24 Wis. (2d) 603, 129 N. W. (2d) 250. The time within which such an application might be made was fashioned by analogy to sec. 958.06 and was limited to one year from the date of the finding of guilty by the court. This did not mean a motion to withdraw the plea could not be made prior to the finding of guilty or before sentencing and we think less proof would be needed to grant such a motion than if it were made after sentencing.

As to the grounds necessary for the withdrawal of the plea, it was stated in *Pulaski,* page 143, ". . . the court will vacate a plea of guilty shown to have been unfairly obtained or given through ignorance, fear or inadvertence . . . [or] . . . if for any reason the granting of the privilege [of withdrawing the plea and standing trial] seems fair and just," quoting *Kercheval v. United States* (1927), 274 U. S. 220, 47 Sup. Ct. 582, 71 L. Ed. 1009. See also Annos. Right to Withdraw Plea of Guilty, 20 A. L. R. 1445, and 66 A. L. R. 628; *Gordon v. State* (1922), 178 Wis. 205, 188 N. W. 752. We pointed out in *Van Voorhis v. State* (1965), 26 Wis. (2d) 217, 223, 131 N. W. (2d) 833, that an accused has a right to withdraw his plea if he establishes ". . . in fact a denial of a relevant constitutional right, such as right to counsel," which is the equivalent of saying the trial court abuses its discretion as a matter of law in not allowing the withdrawal of a plea under such circumstances. *Accord, State v. Koerner* (1966), 32 Wis. (2d) 60, 145 N. W. (2d) 157. The discretion of the court is a legal discretion governed by principles of law and the accused seeking to withdraw his guilty pleas has the burden of showing adequate grounds for withdrawal. *Mueller v. State* (1966), 32 Wis. (2d) 70, 74, 145 N. W. (2d) 84. See *People v. Bauman*

(1955), 131 Cal. App. (2d) 595, 281 Pac. (2d) 74; *Watts v. United States* (D. C. Cir. 1960), 278 Fed. (2d) 247. This burden is the clear and convincing evidence test and such burden is in accord with the rule in other jurisdictions. See *People v. Singh* (1957), 156 Cal. App. (2d) 363, 319 Pac. (2d) 697. See also Note, 64 Yale Law Journal (1955), 590, 593.

Recently the American Bar Association Project on Minimum Standards for Criminal Justice issued a tentative draft on Standards Relating to Pleas of Guilty.[2]

[2] American Bar Association Project on Minimum Standards for Criminal Justice—Pleas of Guilty (Tentative Draft, February, 1967), Part II, pp. 9, 10:

"Part II. Withdrawal of the plea.

"2.1 Pleas withdrawal.

"(a) The court should allow the defendant to withdraw his plea of guilty or nolo contendere whenever the defendant, upon a timely motion for withdrawal, proves that withdrawal is necessary to correct a manifest injustice.

"(i) A motion for withdrawal is timely if made with due diligence, considering the nature of the allegations therein, and is not necessarily barred because made subsequent to judgment or sentence.

"(ii) Withdrawal is necessary to correct a manifest injustice whenever the defendant proves that:

"(1) he was denied the effective assistance of counsel guaranteed to him by constitution, statute, or rule;

"(2) the plea was not entered or ratified by the defendant or a person authorized to so act in his behalf;

"(3) the plea was involuntary, or was entered without knowledge of the charge or that the sentence actually imposed could be imposed; or

"(4) he did not receive the charge or sentence concessions contemplated by the plea agreement and the prosecuting attorney failed to seek or not to oppose these concessions as promised in the plea agreement.

"(iii) The defendant may move for withdrawal of his plea without alleging that he is innocent of the charge to which the plea has been entered.

"(b) In the absence of a showing that withdrawal is necessary to correct a manifest injustice, a defendant may not withdraw

These standards adopt the "manifest injustice" test of Rule 32 (d) of the Federal Rules of Criminal Procedure [3] and implements it with four factual situations which the advisory committee believes independently establish manifest injustice when proved by the defendant. We agree and adopt this standard. We think too the four fact situations are not exhaustive of situations which might constitute manifest injustice. And, a court would abuse its discretion if it denied a request to withdraw a plea of guilty when any one of these four grounds was proved. Reppin's contentions fairly fall within the exemplified scope of the "manifest injustice" rule. He argues he was denied effective assistance of counsel and that his plea of guilty was involuntary in the sense it was not intelligently made. True, the defendant has not alleged as a ground for withdrawing his plea that he is innocent of the charge to which the plea was entered, but such an allegation is not a condition precedent to the granting of the motion if manifest injustice is shown. The test at this stage is not whether the defendant is guilty but whether he was fairly convicted.

Reppin argues the character and quality of the representation which satisfies the constitutional mandate was denied him because he was required to share counsel with Jenson and their positions were inconsistent. In *Mueller v. State, supra,* 32 Wis. (2d) at 77, we recognized that ". . . one attorney may represent two defendants indicted for participation in the same crime, unless the interests of the defendants are shown to be in conflict," citing *Glasser v. United States* (1942), 315 U. S. 60, 62 Sup. Ct. 457, 86 L. Ed. 680; and *Massey v. State* (1965), 28 Wis.

---

his plea of guilty or nolo contendere as a matter of right once the plea has been accepted by the court. Before sentence, the court in its discretion may allow the defendant to withdraw his plea for any fair and just reason unless the prosecution has been substantially prejudiced by reliance upon the defendant's plea."

[3] See Note, Withdrawal of Guilty Pleas in the Federal Courts, 55 Columbia Law Review (1955), 366.

(2d) 376, 137 N. W. (2d) 69. We cannot hold the representation of two codefendants charged with the same crime *ipso facto* creates a conflict of interest and thus impairs the effective assistance of counsel. We think, however, as pointed out in *Glasser*, that the added responsibility entailed in the defense of a second defendant might in fact in and of itself sufficiently impair counsel's effectiveness in some cases so as to require relief. This, of course, is less likely when pleas of guilty are entered than when dual representation is given in an extensive trial. The concept of "effectiveness" of the assistance of counsel as a part of the constitutional guaranty appeared first in *Powell v. Alabama* (1932), 287 U. S. 45, 53 Sup. Ct. 55, 77 L. Ed. 158, 84 A. L. R. 527, when all the members of the county bar association were appointed defense counsel and no one took the appointment seriously. Since the right to effective counsel now exists prior to trial and extends through sentencing even unto an appeal,[4] shared counsel, although competent, as a general rule is more likely to be "ineffective" because of conflict of interests than separate counsel. Even when both defendants are willing to plead guilty, the problem of negotiating the pleas on the basis of relative culpability or on other grounds which may be considered in negotiations [5] and the further problem of adequate representation in sentencing now raise important questions of conflict of

---

[4] Before Trial: *Sparkman v. State* (1965), 27 Wis. (2d) 92, 98, 133 N. W. (2d) 776 (public policy requires appointment of counsel for preliminary hearing) ; At Trial: *Gideon v. Wainwright* (1963), 372 U. S. 335, 83 Sup. Ct. 792, 9 L. Ed. (2d) 799, 93 A. L. R. (2d) 733; On Sentencing: *State v. Strickland* (1965), 27 Wis. (2d) 623, 634–636, 135 N. W. (2d) 295; For Appeal: *Douglas v. California* (1963), 372 U. S. 353, 83 Sup. Ct. 814, 9 L. Ed. (2d) 811; *McLaughlin v. State* (1966), 32 Wis. (2d) 124, 128, 129, 145 N. W. (2d) 153.

[5] See *Jung v. State* (1966), 32 Wis. (2d) 541, 549–551, 145 N. W. (2d) 684; American Bar Association Project on Minimum Standards for Criminal Justice—Pleas of Guilty (Tentative Draft, February, 1967), Part III, p. 60.

interest and thus of the effective representation unrecognized a few years ago. See *Pulaski v. State, supra,* 23 Wis. (2d) at 148. Ineffective assistance of counsel may also be caused by external circumstances over which counsel has no control, such as not being given time to prepare a defense or by his incompetence and lack of ability in criminal work or counsel's lack of loyalty, good faith or zeal. See Waltz, Inadequacy of Trial Defense Representation as a Ground for Post-Conviction Relief in Criminal Cases, 59 Northwestern University Law Review (1964), 289; Note, The Effective Assistance of Counsel: An Incomplete Constitutional Right, 18 Maine Law Review (1966), 248; Note, The Right to Effective Counsel in Criminal Cases, 18 Vanderbilt Law Review (1965), 1920.

In the instant case Reppin has not met his burden of proving by clear and convincing evidence that his trial counsel was ineffective because of any real existing conflict of interest between him and Jenson. The trial court was sensitive to this issue and stated it would appoint separate counsel if there was any reason therefor. Both Reppin and Jenson after conference with appointed counsel pleaded not guilty. When they appeared for trial, both changed their pleas to guilty. There was no inconsistence here and the record does not disclose any negotiated pleas. However, at this point Reppin changed his plea back to not guilty but shortly thereafter again changed his plea to guilty. The record is devoid of any evidence the trial counsel was faced with any actual conflict or dilemma during the brief period when Reppin's plea differed from Jenson's.

Potentially there could be a conflict in the sentencing of Jenson and Reppin, *State v. Karston* (1955), 247 Iowa 32, 72 N. W. (2d) 463, but Reppin does not complain of any conflict in the sentencing procedure. Jenson's statements on his plea did not involve Reppin nor did Jenson attempt in any way to mitigate his sentence by blaming

Reppin or involving him. Reppin received a lesser sentence than Jenson by two years, and we think any theoretical inconsistency or conflict of interest which could exist on sentencing was not shown to exist in fact. We think a potential conflict of interest is not sufficient to render counsel ineffective, and a showing must be made of an actual conflict. Posing a potential for prejudice which did not materialize is not sufficient to replace the actuality of specific prejudice. *Lebron v. United States* (D. C. Cir. 1955), 229 Fed. (2d) 16, certiorari denied, 351 U. S. 974, 76 Sup. Ct. 1035, 100 L. Ed. 1492; *Farris v. Hunter* (10th Cir. 1944), 144 Fed. (2d) 63; *Peek v. United States* (9th Cir. 1963), 321 Fed. (2d) 934; *Mohler v. United States* (7th Cir. 1963), 312 Fed. (2d) 228. See to the effect when an actual conflict of interest exists a showing of resulting actual prejudice is not required, *Craig v. United States* (6th Cir. 1954), 217 Fed. (2d) 355.

In his second argument Reppin questions the voluntariness of his plea because he had a poor understanding of the charge and because of the trial court's improper questioning. While the trial court was examining him as to the voluntariness of the plea, Reppin asked to speak and stated it was explained to him that he was as guilty as Jenson because he did not attempt to stop Jenson from robbing Bittner and he had spent some of the stolen money. The court then questioned Reppin as to his conduct in relation to the robbery. Apparently it was covering the same ground as counsel had covered to determine whether Reppin's acts were sufficient to constitute the crime of robbery. This inquiry would have been proper in support of his plea if Reppin had wished to take the stand [6] but is a questionable practice to determine whether Reppin should plead guilty or not. It must be said, however, in this case that Reppin expressed a doubt as to his plea and wanted to talk to the judge since he

---

[6] See Standard 1.6, "Determining Accuracy of Plea," American Bar Association Project on Minimum Standards for Criminal Justice—Pleas of Guilty (Tentative Draft, February, 1967), p. 30.

claimed he did not understand how his acts could constitute him guilty of robbery. The conduct of the trial judge is immaterial to the grounds Reppin now asserts. There is no dispute concerning Reppin's conduct. The judge did not advise him but merely satisfied himself of the correctness of the attorney's advice and that there was a correct factual basis for Reppin's plea. Many convicts aiding and abetting a crime cannot understand how legally they may be guilty as a principal when they did not commit the principal act. See *State v. Nutley* (1964), 24 Wis. (2d) 527, 129 N. W. (2d) 155; *Jung v. State* (1966), 32 Wis. (2d) 541, 145 N. W. (2d) 684. The fact that Reppin relied on counsel's advice and perhaps on the questioning of the court does not render his plea involuntary. He made a deliberate choice on accurate information. While he may not have fully understood the peculiarities of the aider-and-abetter law applied to robbery, he understood the law was peculiar and that he was pleading guilty. There is no manifest injustice shown.

The state argues Reppin should not be permitted to raise his contentions because by the plea of guilty he has waived any defects, relying on *Hawkins v. State* (1965), 26 Wis. (2d) 443, 448, 132 N. W. (2d) 545; *State v. Lampe* (1965), 26 Wis. (2d) 646, 648, 133 N. W. (2d) 349; *McLaughlin v. State* (1966), 32 Wis. (2d) 124, 131, 145 N. W. (2d) 153. While in *Hawkins* we indicated the waiver resulting from a plea of guilty extends to claims of violation of constitutional rights, such violations are revived if the guilty plea is withdrawn. We think it is erroneous reasoning to apply the waiver rule as a basis for a denial of a motion to withdraw a plea of guilty. It is arguing in a vicious circle. The test is whether the withdrawal of the plea is dictated by the demands of manifest injustice, not whether the defendant will be successful on the trial.

*By the Court.*—Appeal in State No. 102 dismissed and order in State No. 103 affirmed.