BRESSETTE, Plaintiff in error, v. STATE, Defendant in error.

*No. State 178.  Argued February 2, 1972.—Decided March 2, 1972.*
(Also reported in 194 N. W. 2d 635.)

234

For the plaintiff in error there was a brief by *Michael B. Rick* and *deVries, Vlasak & Schallert,* all of Milwaukee, and oral argument by *Mr. Rick.*

For the defendant in error the cause was argued by *Richard J. Boyd,* assistant attorney general, with whom on the brief was *Robert W. Warren,* attorney general.

BEILFUSS, J. The defendant urges that he should be permitted to withdraw his plea and stand trial on the merits of the case.

A defendant must be allowed to withdraw his plea of guilty and the court must order a new trial only in those instances where a refusal to do so would result in "manifest injustice." [1]

An examination of the record convinces us that the trial court fully complied with all of the requirements for guilty pleas as set forth in *Ernst v. State* (1969), 43 Wis. 2d 661, 674, 170 N. W. 2d 713.

The trial judge did determine the defendant's age, education and general understanding. (A pretrial medical-mental examination was conducted.) Counsel was

---

[1] *State v. Reppin* (1967), 35 Wis. 2d 377, 151 N. W. 2d 9.

appointed to represent the defendant. The judge did establish that the accused understood that he was charged with robbery and that the defendant admitted conduct which constitutes robbery. The defendant was advised of the maximum penalty that could be imposed and that the sentences could be ordered to be served consecutively for a total of twenty years. The defendant in response to a question by the judge did acknowledge that no threats, promises or force had been used to obtain the pleas of guilty.

The defendant's complaint, as it appears from his post-conviction motion and his petition for appointment of counsel in this court, is that he claims his trial counsel told him the sentences would be imposed to run concurrently if he pleaded guilty. This postconviction motion to withdraw the plea was denied by the trial court and properly so. The record reveals that the trial judge specifically informed the defendant that he could be sentenced to ten years on each count and that they could be ordered to run consecutively for a total period of twenty years. The record further reveals that the defendant affirmatively acknowledged that he knew he could receive such sentences.

Before the pleas of guilty were entered, in the presence of and within hearing range of the defendant, the assistant district attorney unequivocally stated that if the defendant entered pleas of guilty the state's recommendation would be that sentences imposed as to both counts be the maximum and that the sentences would be ordered to run concurrently. The defendant knew what the sentences could be and what the state's recommendation was going to be before he entered his pleas of guilty. The plea bargain was not breached and no manifest injustice appears on this score.

The brief filed in behalf of the defendant and the oral argument by counsel contend that because in the plea

bargain a count of armed robbery was reduced to robbery, the court was obligated to satisfy itself that the defendant knew the elements of armed robbery. Neither of the informations filed, and to which he entered pleas, charged the defendant with armed robbery (one complaint did). The court is not obligated to be sure a defendant knows and understands the elements of a crime he is not charged with. The obligation of the court is to be sure that the defendant knows what the elements of the crime with which he is charged are and that the conduct which the defendant admits constitutes the crime charged. The record shows this obligation was fulfilled.

Defendant's appellate counsel also asserts that there was an element of judicial intimidation in accepting the defendant's plea. The basis for this assertion is that the trial judge was impatient when trial counsel for the defendant wanted the victim Thompson to testify rather than the complaining officer. When the trial counsel objected to the testimony of the officer, the court asked counsel if he wanted a jury trial and when counsel responded "No," the judge further advised counsel that he could call any witnesses (Thompson was in the courtroom) if he was not satisfied with the officer's testimony. The objection was then withdrawn, and in any event the right of confrontation is one of the constitutional rights waived upon a plea of guilty.[2] We find no error or abuse of discretion, nor improper judicial conduct in this procedure.

We have carefully reviewed the entire record. The defendant was represented by adequate counsel, he was advised as to his waiver of constitutional trial rights, the crime he was charged with, and the maximum penalties that could be imposed. He acknowledged to the trial court that there were no threats, promises or force used to obtain the pleas. We conclude the pleas of guilty were

[2] *Pointer v. Texas* (1965), 380 U. S. 400, 85 Sup. Ct. 1065, 13 L. Ed. 2d 923.

voluntarily, knowingly and intelligently entered into. The testimony in the record leaves no doubt that he was guilty of the crimes charged. As noted by the trial judge at the time of sentence, the viciousness of the attacks was so extreme that he could have been charged with additional crimes. The plea bargain relieved the defendant of the detriment of being charged and tried on these additional offenses. These facts, combined with an extensive prior criminal record, justify the sentences imposed. We find nothing in this record that would lead us to conclude that it is necessary to permit the defendant to withdraw his pleas of guilty in order to correct a manifest injustice. To put it another way, we find no manifest injustice and the pleas of guilty and the sentences imposed are approved.

*By the Court.*—Judgment and order affirmed.

WILKIE, J. *(dissenting)*. I disagree with the majority on their position relative to the central issue in this case: Should the defendant have been permitted to withdraw his plea of guilty to prevent a manifest injustice? In essence, because the court did not ascertain defendant's understanding of the plea bargain he had made, the defendant should have been allowed to withdraw his plea of guilty.

In our concurring opinion in *Farrar v. State*,[1] Mr. Chief Justice HALLOWS and the writer of this opinion expressed the view that before a bargained plea is accepted in the trial court, the court should ascertain the defendant's understanding of the bargain, and if the bargain as understood by the defendant is not kept, the defendant should have the opportunity to withdraw his plea of guilty. Subsequently, the United States Supreme Court in *Santobello v. New York*[2] declared that the prosecutor's failure to keep a plea bargain may form the basis for the withdrawal of a guilty plea.

---

[1] (1971), 52 Wis. 2d 651, 662–664, 191 N. W. 2d 214.

[2] (1971), 404 U. S. 257, 92 Sup. Ct. 495, 30 L. Ed. 2d 427.

In the instant case the defendant was charged with armed robbery contrary to sec. 943.32 (2), Stats. This, despite the fact that he was never alleged to have been armed at the time and, in fact, was never armed with a weapon. The "plea bargain" in this case was a reduction of the charge from armed robbery to unarmed robbery. Clearly this defendant was not "armed with a dangerous weapon" (sec. 943.32 (2)) and, therefore, could not possibly be convicted of armed robbery. Thus the plea bargain entered into by the defendant and the prosecution was completely illusory.

Under these circumstances I believe that the trial court was obliged to inform the defendant that his conduct did not constitute armed robbery. If, after understanding the law as it related to the crime,[3] the defendant still wished to plead guilty, then the plea would be valid.

I would reverse the judgment and order and allow defendant to withdraw the guilty plea.

---

[3] *Ernst v. State* (1969), 43 Wis. 2d 661, 673, 170 N. W. 2d 713; *McAllister v. State* ante, p. 224, 194 N. W. 2d 639.