STATE of Wisconsin, Plaintiff-Respondent,

v.

Anthony LENTOWSKI, Defendant-Appellant.

Court of Appeals

*No. 96–2597–CR. Submitted on briefs May 22, 1997.—Decided August 13, 1997.*

(Also reported in 569 N.W.2d 758.)

On behalf of the defendant-appellant, the cause was submitted on the brief of *James Rebholz* of *Rebholz, Auberry & Malone* of Milwaukee.

On behalf of the plaintiff-respondent, the cause was submitted on the brief of *James E. Doyle,* attorney general, and *Stephen W. Kleinmaier,* assistant attorney general.

Before Snyder, P.J., Nettesheim and Anderson, JJ.

SNYDER, P.J.   Anthony Lentowski appeals from a judgment convicting him of one count of sexual intercourse with a child over sixteen years of age and nine counts of sexual exploitation of a child, *see* §§ 948.09 and 948.05(1)(b), STATS., and from an order denying postconviction relief. On appeal, Lentowski seeks, "at the very least," a new trial. He submits,

however, that an "even more appropriate remedy" would be to require the trial court to determine the viability of a previously offered plea agreement. We conclude that a new trial, which has the effect of placing Lentowski back at the pretrial stage, is the appropriate remedy. Consequently, we reverse the judgment of conviction and remand the cause for further proceedings consistent with this opinion.

Lentowski was charged with one count of sexual intercourse with a child over sixteen years of age and ten counts of sexual exploitation of a child.[1] The charges stemmed from a seventeen-month long relationship he had with a sixteen-year-old girl who was a friend of his daughter. Each count of sexual exploitation involved a separate photograph he had taken of the girl in various sexually explicit poses.

The district attorney made a plea offer to Lentowski through his defense counsel.[2] The offer was that in exchange for a plea of guilty to two counts of sexual exploitation of a child, the district attorney would dismiss and read in all other charges. Additionally, at sentencing the district attorney would "have a free hand" in the sentencing recommendation on one count and would recommend consecutive probation on the second count. Lentowski discussed the district attorney's offer with his counsel but then rejected it based on his counsel's representations that

---

[1] Lentowski was initially charged with three counts of child enticement, one count of possession of child pornography and one count of exposing a child to harmful materials. An information with the amended charges was filed on September 14, 1995. He was convicted of nine of the ten counts of exploitation.

[2] This offer was made on the record before the trial court judge.

it was a harsh penalty and that Lentowski had the defenses of consent and mistake of age. The case proceeded to trial.

A jury found Lentowski guilty of all but one count of the sexual exploitation charges. He was sentenced to a total of forty years in prison and ten years of probation. Lentowski filed a motion for postconviction relief, alleging ineffective assistance of counsel based on his counsel's representations to him that consent and mistake of age were viable defenses to the charges. He also alleges that counsel told him he had a "50/50" chance of being acquitted at trial based on these defenses.

After conducting a *Machner*[3] hearing, the trial court found that defense counsel had been ineffective. However, because Lentowski conceded that he had no defense to the charges, the trial court denied his motion for a new trial, concluding that he did not actually want a new trial but wanted a plea bargain instead. The trial court further found that Lentowski's remedy lay in civil law, and that while he was entitled to resentencing, he was not entitled to "the retroactive benefit of a once-refused plea bargain." The trial court vacated the judgment of conviction and Lentowski was resentenced. The new sentence was identical to the first sentence.

Lentowski now appeals the judgment, alleging that he is entitled to a new trial as a matter of law after the trial court's finding that he had received ineffective assistance of counsel at the pretrial stage. He bases this claim on his belief that he was prejudiced by defense counsel's errors because "there is a reasonable probability that, but for counsel's unprofessional

---

[3] *State v. Machner*, 92 Wis. 2d 797, 285 N.W.2d 905 (Ct. App. 1979).

errors, the result of the proceeding would have been different." *Strickland v. Washington*, 466 U.S. 668, 694 (1984). In support of this, Lentowski asserts that he would have accepted the plea had he been properly advised regarding the absence of any defense to the charges. The State does not dispute this. Therefore, the single issue before this court is the proper remedy for a defendant who has proven that, at the pretrial stage, he or she received ineffective assistance of counsel which led the defendant to proceed to trial when he or she otherwise would have accepted a proffered plea bargain and pled guilty.

The issue before us presents a question of law as the facts underpinning the case are undisputed. *See State v. Big John*, 146 Wis. 2d 741, 748, 432 N.W.2d 576, 579 (1988). This court decides questions of law independently without deference to the lower court's decision. *See id.* Therefore, we will review the trial court's remedy—that of resentencing the defendant—de novo. We conclude, however, that a brief discussion of the constitutional requirement of the effective assistance of counsel is instructive in our determination of an appropriate remedy in this case. We begin our analysis there.

■ It has long been settled that the Sixth Amendment's requirement of "assistance of counsel" means "effective assistance of competent counsel." *McMann v. Richardson*, 397 U.S. 759, 771 (1970). The trial court found that Lentowski's counsel did not meet this standard as counsel believed that Lentowski had the defenses of consent and mistake of age to the charges and relayed that mistaken belief to his client. This was not correct; neither one could be an affirmative defense. *See Kelley v. State*, 51 Wis. 2d 641,

648, 187 N.W.2d 810, 814 (1971); *see also* § 939.22(48)(c), STATS. Lentowski's understanding of his defenses caused him to reject the plea bargain and proceed to trial.

In order to show that counsel was ineffective, a defendant must satisfy the two-pronged test outlined in *Strickland*, 466 U.S. at 687. A defendant must show that counsel's performance was deficient and that the deficient performance prejudiced the defense. *See id.* Lentowski met both prongs. The trial court found that Lentowski's counsel was ineffective in failing to tell Lentowski that consent was not a valid defense and in failing to inform Lentowski that he was unable to satisfy the evidentiary requirements of a "mistake of age" defense.[4] The second prong requires that Lentowski show "that the deficient performance prejudiced the defense." *Id.* There is no dispute with Lentowski's contention that he would have accepted

---

[4] Section 948.05(3), STATS. (sexual exploitation of a child), carries an affirmative defense section which reads:

> It is an affirmative defense to prosecution for violation of this section if the defendant had reasonable cause to believe that the child had attained the age of 18 years, *and the child exhibited to the defendant*, or the defendant's agent or client, a draft card, driver's license, birth certificate or other official or apparently official document purporting to establish that the child had attained the age of 18 years. A defendant who raises this affirmative defense has the burden of proving this defense by a preponderance of the evidence. [Emphasis added.]

However, defense counsel knew before trial that Lentowski could not meet his burden of proof because although he claimed to have seen a "driver's transcript" which led him to conclude that the girl was "18 or 19 years of age," he could not testify that she had "exhibited" this to him, nor could he produce the document.

the plea bargain if he had realized that he had no defense to the charges. Thus, the prejudice prong is satisfied.

On that basis, we now move to the appropriate remedy. The Supreme Court has held that the remedy for a deprivation of Sixth Amendment protections "should be tailored to the injury suffered from the constitutional violation." *United States v. Morrison*, 449 U.S. 361, 364 (1981).

Wisconsin case law has already addressed a situation that we conclude is analogous to the instant case. In *State v. Reppin*, 35 Wis. 2d 377, 151 N.W.2d 9 (1967), the court considered a situation where a defendant sought to withdraw his guilty plea on the basis that his trial counsel was ineffective at the time the plea was entered. In that case, the defendant was required to share counsel with a co-defendant and their positions were inconsistent. The supreme court adopted the "manifest injustice" test set forth by the American Bar Association, which provided in pertinent part:

> Part II.   Withdrawal of the plea.
>   2.1   Pleas withdrawal.
>   (a)   The court should allow the defendant to withdraw his plea of guilty or nolo contendere whenever the defendant, upon a timely motion for withdrawal, proves that withdrawal is necessary to correct a manifest injustice.
>
>   . . . .
>
>   (ii)   Withdrawal is necessary to correct a manifest injustice whenever the defendant proves that:
>   (1)   he was denied the effective assistance of counsel guaranteed to him by constitution, statute, or rule[.]

855

*Id.* at 385 n.2, 151 N.W.2d at 14 (quoting the *American Bar Association Project on Minimum Standards for Criminal Justice—Pleas of Guilty).* The court there also noted that "[t]he test at this stage is not whether the defendant is guilty but whether he was fairly convicted." *Id.* at 386, 151 N.W.2d at 14. The standards also point out that "[a] defendant may move for withdrawal of his plea without alleging that he is innocent of the charge to which the plea has been entered." *Id.* at 385 n.2, 151 N.W.2d at 14. Furthermore, "[t]he test is whether the withdrawal of the plea is dictated by the demands of manifest injustice, not whether the defendant will be successful on the trial." *Id.* at 390, 151 N.W.2d at 16.

In another case, *State v. Ludwig,* 124 Wis. 2d 600, 601 369 N.W.2d 722, 722 (1985), the court held that the failure of defense counsel to inform the client of a plea offer in a way that made it clear that she, and not the attorney, had the right to accept or reject it constituted ineffective assistance of counsel. The defendant proceeded to trial and was found guilty. *See id.* at 602, 369 N.W.2d at 723. The court in that case determined that the appropriate remedy was to remand the case for a new trial. *See id.* at 612, 369 N.W.2d at 728.

The State concedes that "the new sentencing hearing does not seem to be an adequate remedy." The State also directs this court to language from *In re Alvernaz,* 8 Cal. Rptr. 2d 713, 725 (Cal. 1992), where the court stated:

> Most courts, in determining the remedy that should be afforded a defendant who establishes that he or she has been denied effective assistance of counsel with regard to an offered plea bargain, have vacated the judgment of conviction and remanded the case for a new trial, in some cases recognizing that the

remedy of a "new trial" signifies not only a new trial but also a resumption of plea bargaining. [Citations omitted.]

The court there considered under what circumstances a criminal defendant can challenge a conviction and sentence when the claim is that a plea bargain was rejected due to the ineffective assistance of counsel. *See id.* at 715. The court in *Alvernaz* suggested:

[W]hen a defendant demonstrates that ineffective representation at the pretrial stage of a criminal proceeding caused him or her to proceed to trial rather than to accept an offer of a plea bargain . . . the appropriate remedy is either modification of the judgment consistent with the terms of the offered plea bargain, or a new trial with resumption of the plea negotiation process.

*Id.*

■ After considering the *Alvernaz* reasoning, we now hold that in a case where a defendant is able to prove both prongs of an ineffective assistance of counsel claim which occurred at the pretrial stage, the defendant must be granted a new trial. While we recognize that returning the parties to the pretrial point does not totally negate the fact that the prosecution has acquired the "substantial bargaining leverage" of having already obtained a conviction of the defendant, the defendant is given back the leverage afforded by a prosecutor's "desire to avoid the time and expense of a new trial and the accompanying uncertainty as to the outcome of the proceedings." *Id.* at 726. The decision of whether to offer a plea bargain or to try the case a second time is then left to the discretion of the prosecutor. This remedy places the

defendant at a stage in the proceedings prior to the point at which he or she failed to receive the effective assistance of counsel.

While our disposition of the remedy issue does not require us to address the following, we do so in the interest of judicial economy. Lentowski contends that the trial court erred at resentencing when it failed to consider his "positive institutional adjustment." The supreme court recently held in *State v. Carter*, 208 Wis. 2d 142, 158, 560 N.W.2d 256, 263 (1997), that:

> [A] circuit court should, in imposing a sentence at resentencing, consider all information relevant about a defendant, including information about events and circumstances either that the sentencing court was unaware of at the initial sentencing or that occurred after the initial sentencing.

Based on the language of *Carter*, the trial court must consider Lentowski's positive institutional adjustment if he is resentenced.

*By the Court.*—Judgment and order reversed and cause remanded with directions.