State of Wisconsin, Plaintiff-Appellant,
v.
Jeremy A. Heisz, Defendant-Respondent.
No. 04-0227-CR.
Court of Appeals of Wisconsin.
Opinion Filed: August 26, 2004.
¶1 HIGGINBOTHAM, J.[1]
The State appeals from an order of the circuit court allowing Jeremy Heisz to withdraw his no contest plea to an amended charge of misdemeanor battery prior to sentencing. The State argues that Heisz has not met his burden of showing a fair and just reason to withdraw his plea. We affirm the circuit court's order.

FACTS
¶2 Heisz was originally charged with felony substantial battery. On May 8, 2003, he pled no contest to an amended charge of misdemeanor battery. A plea questionnaire/waiver of rights form was filed; the circuit court found Heisz guilty and scheduled the case for sentencing.
¶3 On June 18, 2003, a sentencing hearing was commenced but not completed because of the number of witnesses for both prosecution and defense, a seven-page presentence report was filed by Heisz the morning of the sentencing and a backlogged court schedule. The sentencing hearing was continued until July 17, 2003. On the continued sentencing date, the circuit court allowed Heisz's counsel to withdraw and new counsel was assigned.
¶4 Heisz then filed a motion to withdraw his plea and a hearing on this motion was held on August 21, 2003. Heisz's reasons for wanting to withdraw his plea were as follows: the circuit court's comments at the June 18, 2003 sentencing hearing had eroded Heisz's faith in his attorney; the circuit court correctly noted that despite the plea, Heisz contested his guilt; and the circuit court specifically told Heisz that based on what had occurred at the June 1, 2003 sentencing hearing, the circuit court would allow Heisz to withdraw his plea if he did so before the next court date.
¶5 The circuit court, concluding that the State would not be prejudiced by plea withdrawal, granted Heisz's motion and allowed him to withdraw his plea. The State appeals.

DISCUSSION
¶6 A defendant seeking to withdraw a plea of guilty or no contest prior to sentencing must show that there is a "fair and just reason" for allowing him or her to withdraw the plea. State v. Kivioja, 225 Wis. 2d 271, 283, 592 N.W.2d 220 (1999). Should a defendant make this necessary showing, the court should permit the defendant to withdraw his or her plea unless the prosecution has been substantially prejudiced. Id. at 283-84. The circuit court must apply this test liberally. Id. at 284.
¶7 As for the practical application of this test, a "fair and just reason" requires more than a "mere showing of some adequate reason for the defendant's change of heart." Id. Whether a defendant's reason adequately explains his or her change of heart is up to the discretion of the circuit court. Id. A circuit court's decision with respect to this discretionary ruling will not be upset on review unless it was erroneously exercised. Id. We will uphold a discretionary decision on appeal if the circuit court reached a reasonable conclusion based on the proper legal standard and a logical interpretation of the facts. Id. Even if a circuit court fails to articulate the reasons for its decision, we will independently review the record to determine whether there is any reasonable basis upon which we may uphold the circuit court's discretionary decision. Rottscheit v. Dumler, 2003 WI 62, ¶11, 262 Wis. 2d 292, 664 N.W.2d 525.
¶8 The State does not argue that it was substantially prejudiced by the plea withdrawal but instead argues that Heisz did not meet his burden of showing a "fair and just" reason to withdraw his no contest plea. We conclude that the circuit court appropriately exercised its discretion in finding a fair and just reason for Heisz to withdraw his no contest plea.
¶9 The circuit court's finding that Heisz disputed the factual basis for the plea created a fair and just reason to withdraw the plea. In fact, a circuit court cannot accept a plea under WIS. STAT. § 971.08 where the defendant disputes the factual basis for a plea. The circuit court clearly found that Heisz disputed the factual basis for the plea when it found that Heisz was claiming that he "didn't do anything wrong, the victim is the guy who caused this."
¶10 Furthermore, the circuit court specifically informed Heisz, prior to the adjournment of the original sentencing hearing, that it would allow him to withdraw his plea if he chose to do so before his next court date:
I'm sitting here wondering why I accept these plea agreements, plea bargains with people, because this is the fourth or fifth time, as I said, this year that I accept a plea agreement, and then I get into sentencing to find out that the person who has pled guilty really is  thinks he's not guilty.
So Mr. Heisz can think about it if he wants to take back his plea while we're waiting to finish this.
....
I don't think it's fair to the defendant or victim to just rush this thing through to judgment and sentencing today. If the defendant wishes to withdraw his ... guilty plea, he may certainly do so any time before he's sentenced....
¶11 In State v. Reppin, 35 Wis. 2d 377, 385-86, 151 N.W.2d 9 (1967), the Wisconsin Supreme Court accepted the tentative draft of the American Bar Assocation's standard for plea withdrawal. In State v. Washington, 176 Wis. 2d 205, 213, 500 N.W.2d 331 (Ct. App. 1993), when looking at facts which could constitute manifest injustice (the much higher burden established for plea withdrawal post-sentencing), we cited from Reppin the six factual scenarios listed in § 14.2 of the ABA's Standards For Criminal Justice (2d ed supp 1986). One of the scenarios the ABA presented as constituting manifest injustice was when the court had agreed that the defendant could withdraw the plea. Washington, 176 Wis. 2d at 214 n.2. If such a factual scenario constitutes manifest injustice, a higher standard than the fair and just standard applicable here, certainly the court's assurance that a defendant can withdraw his plea also constitutes a fair and just reason for plea withdrawal.
¶12 The circuit court did not erroneously exercise its discretion in allowing Heisz to withdraw his plea prior to sentencing. We therefore affirm the order of the circuit court.
By the Court.  Order affirmed.
NOTES
[1] This appeal is decided by one judge pursuant to WIS. STAT. § 752.31(2)(f) (2001-02). All references to the Wisconsin Statutes are to the 2001-02 version unless otherwise noted.