DUGAN, J.[1]
¶1 Victor Yancey, Jr. appeals the judgment of conviction for one count of misdemeanor battery as a party to a crime to which he pled guilty. He also appeals the orders partially denying his motion for postconviction relief seeking to withdraw his guilty plea based on a claim of ineffective assistance of trial counsel.[2] We reverse the orders.[3]
¶2 In his postconviction motion, Yancey sought to withdraw his guilty plea on the ground that he was denied the effective assistance of counsel because trial counsel misadvised him that at sentencing, he would be able to address his concerns regarding the State's evidence and request an investigation. Yancey further alleged that he would have not entered his plea and would have gone to trial, if his attorney had not advised him that after pleading guilty at sentencing, he would be able to address his concerns about the State's evidence and seek further investigation into that evidence. Yancey states that he would not have pled guilty but for that understanding "because he believed that challenges to the evidence in this case were connected to the other, more serious, charges he was facing."
¶3 The trial court denied the motion, holding that Yancey had not made a sufficient showing of deficient performance or prejudice. The trial court held that nothing was incorrect about trial counsel's advice that at sentencing Yancey would be able to present to the trial court his concerns about the truthfulness and reliability of the State's evidence and that Yancey did just that in more than five pages of sentencing transcript. The trial court held that accepting as true Yancey's allegations that the trial court could either order a John Doe hearing or conduct an in camera inspection, trial "counsel's advice was at best unrealistic," but there was no allegation that trial counsel assured the defendant that the trial court would take specific action on his claims. Therefore, the trial court held that there was no indication that trial counsel's advice amounted to a specific promise upon which Yancey could have reasonably relied. The trial court further held that even assuming that trial counsel's advice was deficient because an investigation into Yancey's claims was not a likely outcome of the sentencing hearing, Yancey had not shown that there was a "reasonable probability that he would have been able to mount a successful challenge to the State's evidence at a trial" and, therefore, Yancey had not shown prejudice.
¶4 On appeal, Yancey contends that the trial court erred when it denied his postconviction ineffective assistance of counsel claim without a Machner hearing.[4] He contends that his postconviction motion alleges sufficient facts to require an evidentiary hearing before deciding whether his guilty plea may be withdrawn because of ineffective assistance of counsel. He also contends that the trial court applied the incorrect legal standard for determining prejudice with respect to a plea withdrawal motion based on ineffective assistance of counsel.
¶5 We conclude that Yancey met the pleading requirements such that the trial court was required to conduct a Machner hearing on the ineffective assistance of counsel claim. We also conclude that as a matter of law, the trial court did not apply the correct legal standard for determining prejudice when a defendant is seeking to withdraw a plea premised on ineffective assistance of counsel. Therefore, we reverse the orders and remand for a Machner hearing.
BACKGROUND
¶6 On August 24, 2014, the State filed a criminal complaint charging Yancey with one count of misdemeanor battery as a party to a crime and two counts of felony bail jumping. The complaint alleged that on August 20, 2014, at Kosciusko Park near 1000 West Becher Street in Milwaukee, Yancey and two other men beat up J.O. because one of the men, Andrew Kendle, believed that J.O. had "snitched" on him. The complaint also alleged that Yancey was presently charged with felony drug offenses in Milwaukee County Circuit Court case No. 2014CF3435, and that the conditions of his release included no contact with Kendle and that he not commit any new crimes.
¶7 While both cases were pending, Yancey was charged in three other criminal cases, as follows: (1) attempted first-degree homicide, use of a weapon, as a party to a crime in case No. 14CF4078; (2) attempted bribery of a witness and intimidation of a witness in case No. 15CF1796; and (3) second-degree sexual assault of a child in case No. 15CF3344.
¶8 On December 14, 2015, while all the charges in Yancey's other cases were pending, Yancey pled guilty to the battery charge in this case. In exchange for Yancey's plea, the State dismissed the bail jumping charges. The trial court engaged in a colloquy and accepted the plea. Subsequently, on December 23, 2015, the trial court imposed a time-served seven-month sentence.
¶9 Yancey filed a postconviction motion alleging, as germane to this appeal, that trial counsel was ineffective because he provided misinformation about Yancey's ability to raise his concerns about the truthfulness and the reliability to the State's evidence at sentencing and that the trial court could conduct an in camera review or commence a John Doe investigation. The trial court denied the motion without a hearing.
¶10 This appeal followed.
DISCUSSION
¶11 Yancey contends that the trial court erred in denying his postconviction motion without a hearing when his motion alleged a prima facie case of trial counsel's ineffective performance and prejudice. He also contends that trial court applied a standard for determining prejudice that was incorrect as a matter of law.
I. Standard of review and applicable law
A. Pleading requirements to obtain an evidentiary hearing
¶12 "A hearing on a postconviction motion is required only when the movant states sufficient material facts that, if true, would entitle the defendant to relief." State v. Allen , 2004 WI 106, ¶14, 274 Wis. 2d 568, 682 N.W.2d 433. See also State v. Wesley , 2009 WI App 118, ¶23, 321 Wis. 2d 151, 772 N.W.2d 232. To obtain an evidentiary hearing, a postconviction motion should satisfy "the five 'w's' and one 'h' " test; "that is, who, what, where, when, why, and how." See Allen , 274 Wis. 2d 568, ¶23. A motion provides "sufficient material facts," if it provides the name of the witness (the who), the reason the witness is important (the why and the how), and facts that can be proven (the what, where, and when).See id. , ¶24. "[A] postconviction motion for relief requires more than conclusory allegations." Id. , ¶15.
B. Standard for Plea Withdrawal
¶13 In State v. Shata , the Supreme Court summarized the standards to be applied for a plea withdrawal:
In general a circuit court should freely allow a defendant to withdraw his plea prior to sentencing for any fair and just reason, unless the prosecution [would] be substantially prejudiced. In contrast, the general rule [is] that a defendant seeking to withdraw a guilty or no contest plea after sentencing must prove manifest injustice by clear and convincing evidence.
Id. , 2015 WI 74, ¶29, 364 Wis. 2d 63, 868 N.W.2d 93 (emphasis and brackets in original; citations and internal quotation marks omitted). "Ineffective assistance of counsel is one type of manifest injustice." Id.
C. Standard of review for ineffective assistance of counsel claims
¶14 "Wisconsin has adopted the United States Supreme Court's two-pronged Strickland test to analyze claims of ineffective assistance of counsel." State v. Williams , 2015 WI 75, ¶74, 364 Wis. 2d 126, 867 N.W.2d 736. See also Strickland v. Washington , 466 U.S. 668 (1984). "To prevail under Strickland , a defendant must prove that counsel's representation was both deficient and prejudicial." Williams , 364 Wis. 2d 126, ¶74. To establish deficient performance, the defendant must show that counsel's representation was below objective standards of reasonableness. State v. McMahon , 186 Wis. 2d 68, 80, 519 N.W.2d 621 (Ct. App. 1994). "To establish prejudice in the context of a postconviction motion to withdraw a guilty plea based upon ineffective assistance of counsel, the defendant must allege that 'but for the counsel's errors, he would not have pleaded guilty and would have insisted on going to trial.' " See State v. Burton , 2013 WI 61, ¶50, 349 Wis. 2d 1, 832 N.W.2d 611 (citation omitted). Improper advice to a client can constitute ineffective assistance of counsel. See State v. Lentowski , 212 Wis. 2d 849, 854-55, 569 N.W.2d 758 (Ct. App. 1997).
¶15 The determination of whether a motion sets forth sufficient facts to allege a prima facie case of ineffective assistance of counsel is a question of law that we review de novo . See Wesley , 321 Wis. 2d 151, ¶23. "If, however, the record conclusively demonstrates that the movant is not entitled to relief, the [trial] court has the discretion to grant or deny a hearing." Id. A proper exercise of discretion requires that the trial court base its decision on the relevant facts, apply the proper standard of law, and reach a reasonable conclusion using a demonstrated rational process. State v. Bowser , 2009 WI App 114, ¶9, 321 Wis. 2d 221, 772 N.W.2d 666.
II. Yancey's motion alleges a prima facie case of ineffective assistance of counsel
¶16 Yancey contends that his motion alleges a prima facie case of ineffective assistance of counsel. We agree.
¶17 Yancey's postconviction motion states that at a hearing, Yancey would testify that prior to entering his guilty plea, he voiced concerns to trial counsel about the validity of the State's evidence. In the holding area prior to the plea hearing, Yancey asked trial counsel whether, if he pled guilty, he would be able to address his concerns about the truthfulness and reliability of the State's evidence. Trial counsel said, "yes" and told Yancey that at the sentencing hearing he would be able to raise his concerns with the judge and the judge could either order a John Doe hearing or conduct an in camera inspection of the records.
¶18 Yancey also relies on the transcripts of the plea and sentencing hearings. The transcript of the plea hearing shows that after trial counsel had initially agreed that the trial court could use the complaint as the factual basis for the plea, he conferred with Yancey and he told the trial court that the facts in the complaint were "substantially true and correct," stating that "[t]hey are not all accurate, but the ones that are necessary for this particular offense are."
¶19 At sentencing, trial counsel advised the trial court that Yancey had "some problems" with the way that the police viewed his involvement with the incident, that the same police officer was involved in all the cases against Yancey, and that Yancey believed that the officer was doing things improperly, which was leading the district attorney's office to charge Yancey with all the various offenses. During allocution, although Yancey took responsibility for the battery, he also provided the trial court with detailed facts about the battery, indicating that it occurred at a different location, on a different date, and under different circumstances than those alleged in the criminal complaint. He also claimed that the medical record indicating that the victim had gone to the hospital was false. Yancey also asserted that reports had been "modified," there needed to be a John Doe investigation, and that the officer who testified at the preliminary hearing lied about the victim's identification of Yancey.
¶20 The State maintains that "the record is clear that Yancey did not rely, in any meaningful sense of that word, on any such alleged advice." However, the transcripts from the plea and sentencing hearings are contemporaneous evidence, which provide support for Yancey's reliance on such alleged advice.
¶21 Yancey argues that trial counsel misadvised him about his ability to raise his concerns about the truthfulness and reliability of the evidence against him because by entering a guilty plea, Yancey gave up his right to challenge the State's evidence in the case against him. See State v. Brown , 2006 WI 100, ¶70, 293 Wis. 2d 594, 716 N.W.2d 906 (2006). He also states, contrary to what trial counsel told him, the district attorney must ask that a judge convene a John Doe proceeding, citing WIS. STAT. § 968.26.
¶22 Yancey's postconviction motion meets "the five 'w's' and one 'h' " test; "that is, who, what, where, when, why, and how" as explained in Allen , 274 Wis. 2d 568, ¶23. A motion provides "sufficient material facts," if it provides the name of the witness (the who), the reason the witness is important (the why and the how), and facts that can be proven (the what, where and when). See id ., ¶24. The Allen test is satisfied as follows: (1) the who is Yancey; (2) the where, when, and what are that in the holding area outside the courtroom immediately before the plea hearing on December 14, 2015, trial counsel gave Yancey misleading advice regarding the likelihood that the trial court would order an in camera hearing or a John Doe proceeding; (3) the how is that the misleading advice led Yancey to misunderstand the effects of pleading guilty and to believe that the trial court could conduct an in camera hearing or John Doe proceeding to expose the police misconduct that Yancey believed had occurred; and (4) the why is that Yancey would not have pled guilty but for trial counsel's misleading advice because his concerns regarding the reliability and truthfulness of the State's evidence extended to his other pending cases. See id .
¶23 Based on the foregoing, we conclude that the trial court should have conducted a Machner hearing.
III. In addressing the postconviction motion for plea withdrawal based on an ineffective assistance of counsel claim, the trial court applied an incorrect legal standard when determining prejudice
¶24 Yancey argues that the trial court applied an incorrect legal standard for evaluating prejudice in the context of a postconviction motion for plea withdrawal based on an ineffective assistance of counsel claim. As stated, the trial court held that Yancey had not shown that there was a "reasonable probability that he would have been able to mount a successful challenge to the State's evidence at a trial."
¶25 The State concedes that Yancey is correct, but argues that there is nothing in the record other than Yancey's allegations to support the idea that he relied upon the advice of counsel in deciding to pled guilty. The State cites State v. Bentley , 201 Wis. 2d 303, 309-10, 548 N.W.2d 50 (1996).
¶26 As stated, for a defendant "[t]o establish prejudice in the context of a postconviction motion to withdraw a guilty plea based upon ineffective assistance of counsel, the defendant must allege that 'but for the counsel's errors, he would not have pleaded guilty and would have insisted on going to trial.' " See Burton , 349 Wis. 2d 1, ¶50 (citation omitted). The standard applied by the trial court was not applicable in this context where Yancey seeks to withdraw his guilty plea, asserting manifest injustice based on ineffective assistance of counsel. See id. Furthermore, unlike the defendant in Bentley , 201 Wis. 2d at 309-10, Yancey has alleged that he would not have wanted to enter the plea if he knew that he was giving up his ability to address and challenge the State's evidence, because he believed that the challenges to the evidence in this case were connected to the other, more serious, charges that he was facing. As previously noted, both Yancey and trial counsel told the trial court about those concerns at sentencing. Moreover, Yancey argues that the fact that he went to trial in all the other cases supports his claim that he would have also done so in this case. The State does not dispute this allegation and, therefore, concedes it. See United Co-op. v. Frontier FS Co-op. , 2007 WI App 197, ¶39, 304 Wis. 2d 750, 738 N.W.2d 578 (stating that the failure to refute a proposition asserted in a response brief may be taken as a concession).
¶27 Based on the foregoing, we conclude Yancey's allegation of prejudice is more than a conclusory allegation.
CONCLUSION
¶28 We conclude that Yancey met the pleading requirements such that the trial court was required to conduct a Machner hearing on the ineffective assistance of counsel claim. The trial court also erred as a matter of law because it did not apply the correct legal standard for determining prejudice when a defendant is seeking to withdraw a plea premised on ineffective assistance of counsel. Therefore, we reverse the orders and remand for the trial court to hold a Machner hearing. Nothing in this opinion should be construed as suggesting the potential outcome of the proceedings on remand.
By the Court. -Orders reversed and cause remanded with directions.
This opinion will not be published. See WIS. STAT. RULE 809.23(1)(b)4.

This appeal is decided by one judge pursuant to Wis. Stat. § 752.31(2)(f) (2015-16). All references to the Wisconsin Statutes are to the 2015-16 version unless otherwise noted.

The Honorable William S. Pocan presided over the proceedings in this action through entry of judgment and issued an order partially denying Yancey's postconviction motion for plea withdrawal based on an ineffective assistance of counsel claim and holding in abeyance Yancey's motion for plea withdrawal premised on the DNA surcharge in anticipation of this court's resolution of a then pending appeal. Yancey subsequently withdrew the plea withdrawal issue premised on the DNA surcharge. The Honorable David A. Hansher signed the final order approving the withdrawal of that claim and denying the postconviction motion for plea withdrawal based on the ineffective assistance of counsel claim. In this decision, we refer to the judges collectively as the trial court.

While Yancey appeals the judgment and orders, we reverse only the orders for reasons explained in the opinion.

See State v. Machner , 92 Wis. 2d 797, 804, 285 N.W.2d 905 (Ct. App. 1979).