PEOPLE v McCAULEY

Docket No. 281197. Submitted January 5, 2010, at Detroit. Decided
January 19, 2010, at 9:00 a.m.

Dedrick L. McCauley was convicted by a jury in the Wayne Circuit
Court, Craig S. Strong, J., of first-degree felony murder, second-
degree murder, three counts of assault with intent to commit murder,
and possession of a firearm during the commission of a felony. He was
sentenced to life in prison for the felony-murder conviction, concur-
rent prison terms of 450 to 900 months for the second-degree murder
conviction and 225 to 450 months for each assault conviction, and a
consecutive two-year term of imprisonment for the felony-firearm
conviction. Defendant appealed, alleging, in part, that he was denied
the effective assistance of counsel in connection with his pretrial
rejection of a plea offer whereby he would have been allowed to plead
guilty of second-degree murder, with an 18-year minimum sentence,
and possession of a firearm during the commission of a felony, in
exchange for the dismissal of the remaining charges. The Court of
Appeals, ZAHRA, P.J., and TALBOT and WILDER, JJ., while retaining
jurisdiction, remanded the matter to the trial court for a hearing on
his claim regarding ineffective assistance of counsel. Unpublished
order of the Court of Appeals, entered August 29, 2008 (Docket No.
281197). On remand, the trial court determined that defendant
established a claim of ineffective assistance of counsel because de-
fense counsel failed to explain the concept of aiding and abetting to
defendant and failed to inform defendant that as an aider and abettor
he could still be convicted of first-degree murder even if he did not fire
the fatal shot.

The Court of Appeals *held*:

1. A defendant, to establish ineffective assistance of counsel,
must show that his or her attorney's performance was objectively
unreasonable in light of prevailing professional norms and that,
but for the attorney's error or errors, a different outcome reason-
ably would have resulted. The same standard applies to a claim
based on counsel's failure to properly inform the defendant of the
consequences of accepting or rejecting a prosecutor's plea offer.

2. The record supports the trial court's determinations that
defense counsel's failure to explain the concept of aiding and

abetting to defendant, and failure to inform him that he could still be convicted of first-degree murder even if he did not fire the fatal shot, fell below an objective standard of reasonableness and that defendant was prejudiced by his counsel's performance.

3. Defendant's convictions and sentences must be conditionally vacated and the case must be remanded to allow the prosecution to reinstate its original plea offer, and to allow defendant, with the assistance of counsel, to consider that offer and enter a plea in accordance with its terms. If the prosecution presents a new offer in excess of its original offer, it must rebut the presumption of vindictiveness that arises. If the prosecution meets this burden, the parties may negotiate a new plea. If the prosecution does not overcome the presumption and refuses to reinstate its original plea offer, defendant's convictions and sentences must be vacated in full. Conversely, if defendant refuses to accept the original plea offer after being given a reasonable opportunity to do so, the original convictions and sentences must be reinstated.

Convictions and sentences conditionally vacated and case remanded for further proceedings.

*Michael A. Cox*, Attorney General, *B. Eric Restuccia*, Solicitor General, *Kym L. Worthy*, Prosecuting Attorney, *Timothy A. Baughman*, Chief of Research, Training, and Appeals, and *Olga Agnello*, Principal Attorney, Appeals, for the people.

State Appellate Defender (by *Douglas W. Baker*), for defendant.

Before: WILDER, P.J., and O'CONNELL and TALBOT, JJ.

PER CURIAM. Defendant was convicted by a jury of first-degree felony murder, MCL 750.316(1)(b), second-degree murder, MCL 750.317,[1] three counts of assault with intent to commit murder, MCL 750.83, and possession of a firearm during the commission of a felony, MCL 750.227b. He was sentenced to life in prison for the

---

[1] Defendant was convicted of second-degree murder as a lesser offense to an original charge of first-degree premeditated murder. MCL 750.316(1)(a).

felony-murder conviction, concurrent prison terms of 450 to 900 months for the second-degree murder conviction and 225 to 450 months for each assault conviction, and a consecutive two-year term of imprisonment for the felony-firearm conviction. He appeals as of right. We conditionally vacate defendant's convictions and sentences and remand for further proceedings.

Defendant's convictions arise from the November 8, 2006, shooting death of Peter Issa. The prosecution's theory at trial was that Housam Baydoun lured his intended victim, Mustapha Dallal, and three other men, Issa, Scotty Khemoro, and Rony Khemoro, to a gas station in Detroit under the pretext that he would sell them Vicodin. Instead, he sent defendant to conduct the transaction. According to the surviving victims, defendant attempted to rob them and began shooting inside their car. There was evidence that a second gunman also approached the car and began shooting, but that person was never identified. Issa was killed and Dallal and Scotty received nonfatal gunshot wounds.

Defendant denied intending to rob the victims. He claimed that while he was inside the victims' car, Rony Khemoro produced what appeared to be a gun, and then a second gunman unexpectedly arrived and began firing at the car. Defendant claimed that he disarmed Rony and then fired his own gun at the unidentified gunman in self-defense, and then fled. Defendant denied firing the shot that killed Issa, and claimed that it was the unidentified gunman who shot and killed Issa.

After defendant filed his claim of appeal, this Court, while retaining jurisdiction, granted defendant's motion to remand for a *Ginther*[2] hearing on his claim that he was denied the effective assistance of counsel in con-

---

[2] *People v Ginther*, 390 Mich 436, 443; 212 NW2d 922 (1973).

nection with his pretrial rejection of a plea offer whereby he would have been allowed to plead guilty of second-degree murder, with an 18-year minimum sentence, and felony-firearm, in exchange for the dismissal of the remaining charges. Defendant testified that he knew that he could not have fired the shot that killed Issa and that he was unwilling to accept the prosecutor's plea offer because he believed that he could not be convicted of murder when he was not the individual who shot Issa. Defendant denied being aware that even if he did not fire the fatal shot, he could still be convicted of first-degree murder under an aiding and abetting theory. Defendant testified that if he had known this,

> I would not have gambled like that knowing I could be convicted of the [sic] something because they believed that I came with somebody or they believed that I was an accomplice to another shooter. I would have took the plea I would not of gambled with my life like that.

Defendant testified that he told trial counsel that he believed that the second shooter was shooting at him, and that he had been set up for a robbery. Defense counsel advised him that he had a good chance of obtaining acquittal based on his self-defense claim.

Defendant's trial attorney testified that defendant was "adamant" about not accepting the prosecutor's plea offer because he had not killed anyone. Counsel admitted that he "never had any discussion with [defendant] about aiding and abetting."

Following the hearing, the trial court found that defendant had established a claim of ineffective assistance of counsel. The court stated:

> In the case at bar, counsel gave insufficient advice during the plea-bargaining process. Defendant told his attorney that he would not plead guilty to murder because

> he did not fire the bullet that killed the deceased. Counsel was aware of the two-shooter theory and professional competence demanded that he explain to his client that he could be convicted for murder as an accomplice even if he did not himself fire the fatal shot. Instead counsel simply accepted his client's ill-informed decision and moved forward to trial. Counsel's performance was deficient.
>
> The defendant was prejudiced because he turned down a plea offer that he would have accepted if he had received proper advice.

The trial court concluded that both prongs of the ineffective assistance test were satisfied because it was "reasonably likely that defendant would have pleaded guilty and the trial court would have accepted the plea under the terms offered by the prosecution."

Defendant now renews his ineffective assistance of counsel claim. Whether a person has been denied the effective assistance of counsel is a mixed question of fact and constitutional law. *People v LeBlanc*, 465 Mich 575, 579; 640 NW2d 246 (2002). We review the trial court's findings of fact at a *Ginther* hearing for clear error, and review questions of constitutional law de novo. *Id.*

To establish ineffective assistance of counsel, a defendant must show (1) that his attorney's performance was objectively unreasonable in light of prevailing professional norms, and (2) that, but for his attorney's error or errors, a different outcome reasonably would have resulted. *Strickland v Washington*, 466 US 668, 687-688; 104 S Ct 2052; 80 L Ed 2d 674 (1984); *People v Carbin*, 463 Mich 590, 599-600; 623 NW2d 884 (2001); *People v Werner*, 254 Mich App 528, 534; 659 NW2d 688 (2002). These same standards apply where a defendant's ineffective assistance of counsel claim is based on counsel's failure to properly inform the defendant of the consequences of accepting or rejecting a prosecutor's plea offer. *Hill v Lockhart*, 474 US 52, 58; 106 S Ct 366; 88 L Ed 2d 203 (1985).

Defendant relies on *Magana v Hofbauer*, 263 F3d 542 (CA 6, 2001), in which the court granted the petitioner's habeas corpus petition for review of his Michigan state court convictions of narcotics offenses. The petitioner argued that his trial counsel mistakenly informed him that the prosecutor's offer to allow him to plead guilty of a single offense would not provide him with more advantageous sentencing consequences than he would receive if he were convicted of multiple offenses at trial. *Id.* at 544-545. Defense counsel mistakenly believed that sentences for multiple convictions would run concurrently, when, in fact, they would run consecutively, thus risking much longer incarceration if the defendant were convicted of the multiple offenses at trial. *Id.* at 545. The court concluded that defense counsel's advice, which reflected an erroneous understanding of the applicable sentencing statutes, was objectively deficient. The court also concluded that the defendant was prejudiced by defense counsel's erroneous advice because there was a reasonable probability that he would have accepted the prosecutor's plea offer if he had been properly informed.

The record in this case likewise supports defendant's claim that he declined to accept the prosecutor's plea offer because he was not properly informed that he could be convicted of first-degree murder even if he did not fire the fatal shot. Defense counsel admitted that he was aware of defendant's reluctance to plead guilty because he did not kill anyone, and was also aware of the prosecution's intent to proceed under an aiding and abetting theory. Despite this knowledge, he failed to explain to defendant that he could be convicted of first-degree murder as an aider and abettor even if he did not fire the fatal shot. As explained in *People v Robinson*, 475 Mich 1, 15; 715 NW2d 44 (2006), under MCL 767.39, "[a] defendant is

criminally liable for the offenses the defendant specifically intends to aid or abet, or has knowledge of, as well as those crimes that are the natural and probable consequences of the offense he intends to aid or abet." Without this knowledge, and without the knowledge that the prosecution intended to proceed under an aiding and abetting theory, defendant could not make an informed decision whether to accept or reject the prosecution's plea offer. Therefore, the record supports the trial court's finding that defense counsel's failure to explain the concept of aiding and abetting to defendant, and failure to inform him that he could still be convicted of first-degree murder even if he did not fire the fatal shot, fell below an objective standard of reasonableness.

The record also supports the trial court's finding that defendant was prejudiced by trial counsel's deficient performance. Defendant, who was 18 years old at the time, testified that he would not have "gambled" his life by standing trial with the risk of a life sentence if he had known that the jury could convict him of first-degree murder under an aiding and abetting theory. The trial court's finding that it is probable that defendant would have accepted the prosecutor's plea offer if he understood that he could be convicted under such a theory, thereby subjecting him to life imprisonment, is not clearly erroneous.

The more difficult issue is the question of remedy. In *Magana*, 263 F3d at 553, the Sixth Circuit fashioned its remedy for defense counsel's ineffective assistance as follows:

> [W]e . . . **REMAND** this case to the district court to grant the writ of habeas corpus within ninety days, conditional upon a new plea hearing in state court at which Magana has the opportunity to consider, with counsel, the

state's original plea offer. Should the state choose to offer Magana a plea in excess of ten years, its original offer, the district court must determine whether the state can rebut the presumption of vindictiveness which would attach to its offer. If the state can meet its burden, then the parties are free to negotiate a new plea. If the state cannot overcome the presumption and it refuses to reinstate its original offer, then the writ must be granted.

Other courts have found that the remedy for a claim of ineffective assistance arising from the rejection of a plea agreement may vary, depending on the circumstances of the case. The Arizona Court of Appeals in *State v Donald*, 198 Ariz 406, 415-416; 10 P3d 1193 (Ariz App, 2000), explained:

> The United States Supreme Court has stated that the remedy for a violation of the Sixth Amendment right to counsel "should be tailored to the injury suffered from the constitutional violation and should not unnecessarily infringe on competing interests." *United States v. Morrison*, 449 U.S. 361, 364, 66 L. Ed. 2d 564, 101 S. Ct. 665 (1981). Inevitably, however, when a court seeks to redress such an injury, some degree of remedial burden must be borne.

> The State, for example, has expended resources in conducting the original trial, and these resources cannot be recouped. The expense and burden of trial, however, do not excuse the court from providing a remedy for violation of a defendant's Sixth Amendment rights.

> Donald has requested that this court order either specific performance of the original plea offer by the State or a new trial. Other courts have ordered each of these remedies, and variations of them. *See, e.g.*, [*In re*] *Alvernaz*, [2 Cal 4th 924, 944; 8 Cal Rptr 2d 713; 830 P2d 747 (2002)] (holding that prosecutor must either submit previously offered plea bargain to the trial court for approval or must elect, within 30 days, to retry defendant and resume plea negotiation process; trial court not required to approve plea agreement if submitted); [*People v*] *Curry*, [178 Ill 2d 509, 536-537; 687 NE2d 877 (1997)] (remanding for new

trial with opportunity to resume plea bargaining process); *Williams* [*v State*, 326 Md 367, 383; 605 A2d 103 (1992)] (allowing defendant opportunity to accept original plea; if he does not do so within 30 days, original conviction and sentence will be reinstated); [*State v*] *Lentowski*, [212 Wis 2d 849, 857-858; 569 NW2d 758 (Wis App, 1997)] (remanding for new trial with opportunity for new plea bargain at prosecutor's discretion).

> The United States Supreme Court has indicated that specific performance of a plea agreement is a constitutionally permissible remedy. *See Mabry v Johnson*, 467 U.S. 504, 510 n. 11, 81 L. Ed. 2d 437, 104 S. Ct. 2543 (1984); *Santobello v. New York*, 404 U.S. 257, 263, 30 L. Ed. 2d 427, 92 S. Ct. 495 (1971). Indeed some courts hold that the *most* appropriate remedy is to order the prosecution to reinstate the plea offer, effectively restoring the defendant to the position he or she would have occupied but for the deficient performance of counsel. *See Lewandowski* [*v Makel*], 949 F.2d [884] 889 [CA 6, 1991)]; *Williams*, 605 A.2d at 110-11. [Emphasis in original.]

We conclude that a modified version of the remedy employed in *Magana* would be appropriate in this case. Accordingly, we conditionally vacate defendant's convictions and sentences and remand this case to allow the prosecution to reinstate its original plea offer, and to allow defendant, with the assistance of counsel, to consider that offer and enter a plea in accordance with its terms. If the prosecution decides to present a new offer in excess of its original offer, it shall be required to rebut the presumption of vindictiveness that arises. If the prosecution can meet that burden, the parties would also be free to negotiate a new plea. If the prosecution cannot overcome the presumption and refuses to reinstate its original plea offer, then defendant's convictions and sentences shall be vacated in full. Conversely, if defendant refuses to accept the prosecution's original plea offer

after being given a reasonable opportunity to do so, his original convictions and sentences shall be reinstated.[3]

Defendant's convictions and sentences are conditionally vacated and the case is remanded for further proceedings consistent with this opinion. We do not retain jurisdiction.

---

[3] In the event defendant's felony-murder conviction is reinstated, his second-degree murder conviction and sentence shall remain vacated because multiple murder convictions arising from the death of a single victim violate constitutional double jeopardy protections. US Const, Am V; Const 1963, art 1, § 15; *People v Clark*, 243 Mich App 424, 429-430; 622 NW2d 344 (2000).