# Order

Michigan Supreme Court
Lansing, Michigan

September 28, 2012

144620

Robert P. Young, Jr.,
Chief Justice

Michael F. Cavanagh
Marilyn Kelly
Stephen J. Markman
Diane M. Hathaway
Mary Beth Kelly
Brian K. Zahra,
Justices

PEOPLE OF THE STATE OF MICHIGAN,
        Plaintiff-Appellee,

v

KYLE ALEXANDER YBARRA,
        Defendant-Appellant.

SC: 144620
COA: 301243
Jackson CC: 09-005864-FC

_____/

On order of the Court, the application for leave to appeal the December 13, 2011 judgment of the Court of Appeals is considered, and it is DENIED, because we are not persuaded that the questions presented should be reviewed by this Court.

ZAHRA, J. (*concurring*).

I concur in this Court's order denying leave to appeal in this matter. I write separately to address defendant's argument that he should be allowed to create an evidentiary record to support his claim of ineffective assistance of counsel.

Following his jury conviction for armed robbery, defendant filed an appeal of right in the Court of Appeals and moved to remand for an evidentiary hearing on ineffective assistance of counsel. He appended to his motion a signed but unnotarized statement, asserting that his trial counsel had failed to inform him of the difference between the potential sentencing guidelines recommendation for his jury trial convictions on the three offenses charged and the more favorable sentencing guidelines recommendation if he had accepted the offer to plead guilty to only one offense. He claimed that if his trial counsel had so informed him, then he would have accepted the plea offer. The Court of Appeals denied the motion to remand "for failure to satisfy the requirements of MCR 7.211(C)(1)."[1]

The Court of Appeals subsequently issued an unpublished opinion per curiam, affirming defendant's convictions and sentences.[2] In addressing defendant's ineffective-assistance claim on the plea-agreement issue, the Court of Appeals recognized that a

_____

[1] *People v Ybarra*, unpublished order of the Court of Appeals, entered July 12, 2011 (Docket No. 301243).

[2] *People v Ybarra*, unpublished opinion per curiam of the Court of Appeals, issued December 13, 2011 (Docket No. 301243).

defense attorney's failure to inform a defendant of the sentencing consequences if the defendant is convicted at trial as opposed to those of accepting a guilty plea can be the basis of an ineffective-assistance-of-counsel claim.[3]  However, the Court of Appeals rejected defendant's claim, stating that

> defense counsel was not ineffective as there is nothing in the record to show that defense counsel failed to inform [defendant] of the sentencing consequences.  Because [defendant] has not established the factual predicate for his claim, he has not shown that trial counsel's performance fell below an objective standard of reasonableness.[4]

Defendant then sought leave to appeal in this Court.

MCR 7.211(C)(1) states that a motion to remand "must be supported by affidavit or offer of proof regarding the facts to be established at a hearing."  An offer of proof is "[a] presentation of evidence for the record . . . ."[5]  An affidavit is defined as "[a] written or printed declaration or statement of facts, made voluntarily, and confirmed by the oath or affirmation of the party making it, taken before a person having authority to administer such oath or affirmation."[6]

Although titled an "affidavit," defendant's unnotarized statement fails to meet the procedural requirements of MCR 7.211(C)(1).  That is, not being notarized or otherwise having been taken before a person having authority to administer an oath or affirmation, the document carries no more weight than a letter outlining defendant's complaints about his trial counsel.  And as such, defendant failed to make a sufficient offer of proof of the evidence to be established at a hearing.

---

[3] *Ybarra*, unpub op at 3, citing *People v McCauley*, 287 Mich App 158, 162 (2010).

[4] *Ybarra*, unpub op at 3 (citations omitted).

[5] Black's Law Dictionary (7th ed).

[6] Black's Law Dictionary (6th ed).

Because of defendant's failure to comply with the clear standards for obtaining an evidentiary hearing, the Court of Appeals correctly denied his motion for remand. Neither this issue nor defendant's remaining claims of error warrant relief, so I therefore concur in the denial of defendant's application for leave.



I, Corbin R. Davis, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

September 28, 2012

_____
Clerk

h0925