# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

v

MICHAEL PAUL NEELEY,

Defendant-Appellant.

UNPUBLISHED
October 23, 2014

No. 316270
Branch Circuit Court
LC No. 12-099789-FH

Before: SAAD, P.J., and O'CONNELL and MURRAY, JJ.

PER CURIAM.

Defendant Michael Paul Neeley was convicted by a jury of second-degree home invasion, MCL 750.110a(3), and sentenced as a fourth habitual offender, MCL 769.12, to 76 months to 25 years' imprisonment. He appeals as of right. We affirm.

The victim testified that on July 17, 2012, she left her home for a doctor's appointment. When she returned, she noticed several items of jewelry (which she had seen the previous day) missing from her jewelry box. The next day, defendant, her step-grandson, called the victim and confessed to taking the jewelry. He also later confessed to Michigan State Police Trooper James Haehnle. Defendant's theory at trial was that he had "free reign" access to the victim's home and was therefore in the home with the victim's permission at the time he stole the jewelry, such that he could not be guilty of second-degree home invasion. The victim, however, testified that defendant had no such free access; he did not have a key, and he did not have permission to be in her home on July 17, 2012.

Defendant first argues that his trial counsel was ineffective for failing to give proper advice during plea negotiations, resulting in defendant's decision to reject a favorable plea and to proceed to trial. Our review of defendant's argument is limited to mistakes apparent on the record. *People v Sabin (On Second Remand)*, 242 Mich App 656, 659; 620 NW2d 19 (2000).

The right to counsel extends to the plea-bargaining process, and a claim of ineffective assistance of counsel may be based on counsel's failure to properly advise the defendant regarding a plea offer. *People v Douglas*, 296 Mich App 186, 205-207; 817 NW2d 640 (2012), rev'd in part on other grounds, 496 Mich 557 (2014), citing *Lafler v Cooper,* __ US __, __; 132 S Ct 1376; 182 L Ed 2d 398 (2012) and *Hill v Lockhart*, 474 US 52, 57-58; 106 S Ct 366; 88 L Ed 2d 203 (1985). A defendant must be properly advised of the consequences of a plea offer in order to receive the effective assistance of counsel regarding the decision to accept or reject that

offer. *People v McCauley*, 287 Mich App 158, 162-163; 782 NW2d 520 (2010), rev'd and remanded on other grounds 493 Mich 872 (2012); *People v McCrady*, 213 Mich App 474, 478-480; 540 NW2d 718 (1995). "Counsel's assistance must be sufficient to enable the defendant to make an informed and voluntary choice between trial and a guilty plea." *Douglas*, 296 Mich App at 206 (quotation marks and citation omitted). A claim of ineffective assistance of counsel based on improper advice during plea negotiations is subject to the same two-prong analysis as any other ineffective assistance of counsel claim; that is, the defendant must show that his attorney's performance was deficient and that the deficient performance prejudiced him. *Id*. at 205-206 (citations omitted). See, also, *Strickland v Washington*, 466 US 668, 687; 104 S Ct 2052; 80 L Ed 2d 674 (1984); *People v Pickens*, 446 Mich 298, 302-303; 521 NW2d 797 (1994).

The record from defendant's pretrial plea hearing reveals that the prosecution previously offered to reduce defendant's charge from second-degree home invasion to larceny in a building in exchange for a guilty plea. However, based on its belief that defendant did not wish to accept that offer, the prosecution expressed its intent to revoke it. The trial court then advised defendant that the hearing would be his last chance to accept the offer, and allowed defendant additional time to confer with his attorney. After a brief recess, defendant's trial counsel indicated that defendant wished to proceed to trial. The record is devoid of any explanation why.

Defendant refers to his affidavit, originally submitted with his motion to remand in this Court, in which he claims that his attorney advised him to "take it to trial—we're gonna beat it." He also refers to an exchange on the record during defendant's sentencing in which his trial counsel, in an effort to explain why defendant chose to proceed to trial, indicated that defendant had always admitted taking the property but maintained that he had permission to be in the victim's home.

Assuming that defendant's decision to reject the plea offer was based on his counsel's belief that defendant could "beat" the charge, defendant cannot demonstrate that this advice was objectively deficient. The record reveals that if defense counsel did in fact advise defendant to reject the plea, it was because defendant maintained his innocence; that is, that he had permission to be in the victim's home at the time he stole her jewelry. It was not objectively unreasonable for defense counsel to recommend that defendant reject the plea and proceed to trial. Defense counsel's strategy was legally sound, inasmuch as a defendant would have been entitled to acquittal of the second-degree home invasion charge if the jury had believed he had permission to be in the victim's home at the time he stole the property. See *People v Dunigan*, 299 Mich App 579, 583; 831 NW2d 243 (2013). The mere fact that defense counsel's strategy was ultimately unsuccessful does not mean it was objectively deficient. *Lafler*, 132 S Ct at 1391; *Pickens*, 466 Mich at 330. Defendant makes no assertions that his trial counsel failed to make him aware of the risks of proceeding to trial or that the decision to reject the plea was ultimately his to make. Defendant's ineffective assistance of counsel argument therefore fails.

Defendant also asserts that his trial counsel was ineffective because he failed to object—before or during trial—to evidence of prior bad acts under MRE 404(b) or to move for a mistrial on the same basis. The evidence to which defendant refers was the unsolicited testimony of a prosecution witness that the victim named defendant as a potential suspect "because he had some prior incidents in the past." Defendant contends that this testimony was so prejudicial that defense counsel's failure to object or move for mistrial fell below an objective standard of

reasonableness, and that defense counsel should have predicted that such evidence would be admitted and accordingly moved before trial to exclude it. Again, our review of these claims is limited to errors apparent on the record. *Sabin*, 242 Mich App at 659.

Defendant cannot overcome the strong presumption that his counsel's failure to move before trial for the exclusion of his prior acts (whatever those exactly were, because they were never specified at trial), or to object to the testimony at trial, was legitimate trial strategy. Defense counsel likely did not move to exclude evidence of defendant's prior bad acts because the prosecution never gave notice of its intent to admit that evidence. In other words, defense counsel could have reasonably concluded that there was no risk that any such possible evidence would be introduced, and therefore there was no need to expend effort to move for its exclusion. Moreover, defense counsel likely did not object to the testimony at trial because it was brief, unsolicited, and extremely vague, and an objection would have called more attention to it. *People v Unger (On Remand)*, 278 Mich App 210, 242; 749 NW2d 272 (2008).

Finally, the trial court likely would not have granted a mistrial had one been requested. The testimony was unsolicited, and there is nothing in the record to suggest that the prosecution knew in advance that the witness would give unresponsive testimony. See *People v Hackney*, 183 Mich App 516, 531; 455 NW2d 358 (1990). Moreover, the testimony was sufficiently brief and vague that there was no danger that it prejudiced defendant or "impair[ed] his ability to get a fair trial." *People v Rodgers*, 248 Mich App 702, 714; 645 NW2d 294 (2001), quoting *People v Haywood*, 209 Mich App 217, 228; 530 NW2d 497 (1995). Because a mistrial was not warranted, defendant's trial counsel cannot be deemed ineffective for failing to request it. *People v Ericksen*, 288 Mich App 192, 201; 793 NW2d 120 (2010).[1]

Affirmed.

/s/ Henry William Saad
/s/ Peter D. O'Connell
/s/ Christopher M. Murray

---

[1] Even assuming defense counsel were somehow objectively deficient in his performance, defendant was not prejudiced thereby. The evidence of defendant's guilt was strong. As a result, defendant cannot establish a "reasonable probability" that, but for his trial counsel's errors, the outcome of the trial would have been different. *Pickens*, 446 Mich at 314.